## STATE OF ARKANSAS V. WHITLOCK.

CRIMINAL PRACTICE: *By information: Removal from office.*

Since the adoption of the constitution of 1874 county and township of-ficers may be prosecuted in the circuit court and removed from office for incompetency, corruption, gross immorality, criminal conduct, malfeasance, misfeasance, or nonfeasance in office, by criminal infor-mation presented by the prosecuting attorney of the circuit. No leave of court to file the information is necessary; and in the absence of a statute prescribing the practice, it must be prosecuted according to the practice under the common law.

ERROR to *Clark* Circuit Court.

Hon. H. B. STUART, Circuit Judge.

*C, B. Moore*, Attorney General, for the State.

The information follows as near as may be the form of the English information as given by *1 Bishop on Cr. Procedure*, *sec. 609*, (*Ed. of 1866*), and is the proper proceeding for the removal of officers. *Sec. 27, Art. 7, Const. 1874.*

### STATEMENT.

ENGLISH, C. J.   On the twenty-second of December, 1882, the prosecuting attorney of the eighth judicial circuit filed in the office of the clerk or the circuit court of Clark county, an information against William H. Whitlock, praying his removal from the office of justice of the peace, for alleged incompetency.   A summons was issued by the clerk upon the information, returnable to the approaching term of the court, which was served upon the defendant.

At the return term the defendant entered a general demurrer to the information which the court sustained.   The prosecuting attorney amended the information by striking from it several pages of allegations in detail.   The defendant interposed a general demurrer to the amended information, which the court sustained, and rendered final judgment, discharging the defendant, and the State brought error.

The information as amended, alleged, in substance, that at the general election in September, 1882, William H. Whitlock was elected a justice of the peace of Beech Creek township, in Clark county, for the term of two years ; that he was commissioned by the governor, took the oath, of office and entered upon the discharge of its duties ; that he was not a proper person to be invested with the power and authority of a justice of the peace, within the spirit and meaning of the constitution of the State, and the laws thereunder, in this :   "That the said William H. Whitlock is totally and utterly incompetent to hold said office and to exercise the function thereof, by reason of the following causes :

The said William H. Whitlock, during the past twenty years, has been, and yet is, subject to fits of epilepsy, which are of frequent occurrence ; that said fits and afflictions are of so violent a nature as to wholly and entirely incapacitate the said William H. Whitlock to discharge the duties devolving upon him as such justice, with that certainty and efficiency at all times, which is indispensably necessary in order to protect the life, liberty and rights of property guaranteed to the citizens of said township of Beech Creek, and of the said county of Clark.''

## OPINION.

1. Though information is a common law mode of criminal accusation, and though the common law has always been in force in this State, with some limitations, yet this mode of accusation was never in use in this State prior to the adoption of the present constitution, because the former constitutions, and statutes passed under them, required criminal prosecutions in the circuit court to be by presentment or indictment.

*Section 8 of the present Declaration of Rights* provides that: ''No person shall be held to answer a criminal charge unless on the presentment or indictment of a grand jury, except in cases of impeachment or cases such as the general assembly shall make cognizable by justices of the peace and courts of similar jurisdiction, or cases arising in the army and navy of the United States, or in the militia when in actual service in time of war or public danger.''

But *section 27 of Article 7 of the present Constitution* provides that: ''The circuit court shall have jurisdiction upon information, presentment or indictment, to remove any county or township officer from office for incompetency, corruption, gross immorality, criminal conduct, malfeasance, misfeasance or nonfeasance in office.''

The terms information, presentment and indictment are

CRIMINAL PRACTICE: Removal from office by information.

used in the constitution in their known technical common law sense. An indictment is a written accusation of one or more persons of a crime or misdemeanor, preferred to, and presented upon oath by a grand jury.

A presentment is the notice taken by a grand jury of any offense from their own knowledge or observation without any bill of indictment laid before them at the suit of the government, upon which the prosecuting attorney must afterwards frame an indictment. *State v. Cox, 8 Ark.*, *436*; *Eason v. State, 11 Ib., 482; Straughan v. State, 16 Ib., 43.*

A criminal information is an accusation in the nature of an indictment, from which it differs only in being presented by a competent public officer on his oath of office, instead of a grand jury on their oath.

This proceeding by criminal information comes from the common law without the aid of statutes ; and is allowable by the common law in a great variety of cases, the rule appearing to be that it is a concurrent remedy with the indictment for all misdemeanors, but not permissible in any felony.

The right to make the information is, by the English law as it stood when our forefathers imported it to this country, in the attorney general, who acts upon his own official discretion without the interference of the court; or, if the office of attorney general is vacant, it is in like manner in the solicitor general.

To be presented by prosecuting attorney, without leave of court. In the American States the criminal information should be deemed to be such, and such only, as, in England, is presented by the attorney or the solicitor general. This part of the English common law has plainly become common law with us. And as, with us, the powers which in England are exercised by the attorney general and the solicitor general are largely distributed among our district attorneys, whose office does not exist in England, the latter

officers would seem to be entitled, under our common law, to prosecute by information, as a right adhering to their office, and without leave of court. And such is the doctrine extensively if not universally acted upon in our States, though in some of them it is more or less aided by statutes. *1 Bishop on Criminal Proceedure, sec. 143 to 145.*

The section of the constitution above copied is the only provision for the use of information as a mode of criminal accusation, in the common law sense, in this State, and no statute has been passed to regulate the practice in prosecutions by information under the constitutional provision. The act of March the 9th, 1877, (Acts of 1877, p. 64), applies only to prosecutions for removal from office by presentment or indictment. Until a practice act is passed, prosecutions by criminal information, in the circuit courts, for removal from office, under the constitution, must be conducted according to the common law as modified by our system of jurisprudence.

II. The form of information adopted by the prosecuting attorney, in this case, follows as near as may be, except in the particular grounds of the incompetency alleged, an English precedent. See *I Bishop Crim. Proc., (3d Ed.), sec. 146.*

On what particular ground the court below sustained the demurrer to the information as amended, does not appear, the demurrer being general, and the defendant in error not being represented by counsel here. Possibly the court below was of opinion that the provision in the constitution, for the removal of officers by information, could not be executed or administered until a practice act should be passed. But this, as we have seen, is not essential.

It is unfortunate that the subject of the informaton was a man afflicted with epileptic fits, and entitled to sympathy. The prosecuting attorney himself seems to have been im-

pressed with the idea that he had undertaken a delicate task, and gives as an excuse for it, that he had been petitioned to do so, by a number of the electors, citizens, residents and tax-payers of Beech Creek township, and he appends to the information a petition signed by twelve persons and a letter from a physician relating to the character of the disease of the defendant in error and the effects upon his mind.

It may be that the electors of the township elected the defendant in error to the office of justice of the peace through sympathy, hoping that he might be enabled to live by its fees, discharging its duties in the intervals of the paroxysms of his disease. Perhaps a subject for the information might have been found equally incompetent, though not subject to fits, and less entitled to commiseration. Be this as it may, we see no clear ground on which we can affirm the judgment of the court below, sustaining the demurrer to the information.

Reversed and remanded for further proceedings.