THE STATE v. SIB JACKSON.

1. CRIMINAL LAW: *Limit of judgment of removal from office.*
   In a proceeding for the removal of an officer from office the judgment extends only to removal—costs following as an incident. No fine or other punishment can be inflicted; and the cost can be collected only by execution—not by imprisonment.

ERROR to *Pulaski* Circuit Court.
Hon. F. T. VAUGHAN, Circuit Judge.

*D. W. Jones, Attorney General,* for appellant.

The appellee, a constable, was removed from office upon information filed by the prosecuting attorney. The court held that under an information no fine could be imposed nor could appellee be held for costs and that the prosecuting attorney was not entitled to a fee. The removal was for criminal conduct on the part of the appellee.

*First*—It has been held in the case of *The State v. Whittaker, 41 Ark., 486,* that a criminal information was an accusation in the nature of an indictment, from which it differed only in being presented by a competent public officer on his oath of office instead of a grand jury on their oath. The act of March 9, 1877, applies only to prosecutions for removal from office by presentment or indictment, and until a practice act is passed prosecutions by criminal information in the circuit court for removal must be according to the common law rule. In the case above cited no criminal act was charged. *Section 2325, Mansfield's Digest,* requires a removal from office in addition to the other penalties, etc. *Vide* also *sec. 2323, ib.* The same judgment should be rendered on information as on indictment.

---

The State v. Sib Jackson.

---

*Second*—The judgment being criminal the costs follow as an incident. *Secs. 2325 and 2342, Mansfield's Digest; Hall v. Doyle, 35 Ark., 448.*

*Third*—The prosecuting attorney is entitled to a fee. *Sec. 3233, Mansfield's Digest.*

*Blackwood & Williams*, for appellee.

The court below properly decided that no fine could be imposed on appellee, nor could he be imprisoned for costs. The defendant was not charged nor prosecuted for any crime, nor does the law provide for any fine. It is only in a *criminal* case where a fine is imposed that a defendant can be imprisoned or compelled to work out costs. The costs in such cases as this are a mere debt due the officers, collectable, if at all, by execution. *41 Ark., 403 and 489; sec. 2318, Mansfield's Digest; ib., sec. 2350.*

The authority to imprison for costs is purely statutory, and must be strictly construed. *44 Iowa, 637.* See also *1 Bailey (S. C.), 375; 4 Lea (Tenn.), 742.*

SMITH, J. Upon an information filed by the prosecuting attorney, Jackson was removed from the office of constable for drunkenness and incompetency, and was adjudged to pay the costs. The court was moved to assess a fine against him, but declared that it had no power to impose a fine. The court also refused to order that, if the costs were not immediately paid, the defendant should be confined in the county jail. It further denied a motion to tax a fee of $10 to the prosecuting attorney. The state appeals.

In a proceeding to remove an officer, the judgment extends only to removal, costs following as an incident. No fine or other punishment can be inflicted, because the re-

moval may be for causes which involve no criminality. Thus, in *Whitlock's case, 41 Ark., 403,* a justice of the peace was removed because he was subject to epileptic fits, which incapacitated him from performing the duties of the office. If the removal is for criminal conduct, the crime is punishable in a separate proceeding. Nor is there any law which authorizes the imprisonment of a defendant for the non-payment of costs, except where the judgment is also for fine or imprisonment. Compare *Mansfield's Digest, secs. 2318, 2350, 1210 and 1213.* Such authority must be expressly conferred by statute and will never be inferred. The costs in a proceeding of this sort constitute a mere debt to the officers of the court, for which the defendant becomes liable upon his removal. But he cannot be made to work out such costs. The only remedy is by execution, imprisonment for debt being abolished. *State v. Erwin, 44 Iowa, 637; State v. Kenny, 1 Bailey (S. C.), 375; State v. Sibley, 4 Lea (Tenn.), 738.*

It is not customary in judgment entries to give particular directions for the taxation of costs. The presumption is the clerk knows his duties and will discharge them. But treating this as an application by the prosecuting attorney to the court below to retax the costs, upon the clerk's refusal to include his fee in such taxation, we may say that he is entitled to a fee of $5 under section 3233 of Mansfield's Digest, which allows that sum "for each judgment obtained on complaint, information or otherwise, in the name of the state or any county."

Affirmed.