## COLLINS *v*. STATE.

### Opinion delivered January 21, 1893.

*Bond to keep the peace—Costs.*

> Where, upon reviewing the action of a magistrate in requiring defendant to give a peace bond, under the provisions of secs. 2401–2, Mansf. Dig., the circuit court is satisfied that reasonable grounds existed for requiring such bond, it is proper to tax defendant with the costs of the magistrate's court and with such costs in the circuit court as resulted directly from the order of the magistrate, or were incident to a performance of conditions embraced in the bond; but where the circuit court discharges defendant, he cannot be taxed in addition with the costs of prosecuting him in the circuit court.

Appeal from Franklin Circuit Court, Ozark District.

HUGH F. THOMASON, Judge.

*Ed. H. Mathes*, for appellant.

1. The court exceeded its authority in taking proof as to whether the magistrate was justified in binding appellant. The only question before the court was whether there existed any necessity to further bind him. Mansf. Dig. sec. 2405.

2. In a peace proceeding, where the defendant is discharged, there is authority of law to adjudge the costs against him. Mansf. Dig. secs. 2395, 2399, 2401, 2405, and chap. 21. No provision is made for the payment of the costs in such proceeding.

*W. E. Atkinson*, Attorney General, and *Chas. T. Coleman*, for appellee.

The only question raised by this appeal is : Did the circuit court err in adjudging costs against the defendant upon discharging him from his peace bond ? At common law, in criminal prosecutions, the accused paid the costs, whether convicted or acquitted. 1 W. & S. (Pa.), 260 ; 4 S. & R. (Pa.), 128 ; 3 Pa. 366 ; 2 Head, 555 ; 4 Am. & En. Enc. Law, 323. Costs in criminal cases are not intended as a part of the punishment. That object is accomplished by the infliction of fines, imprisonment, or both. Costs are awarded in order that the State may prosecute the guilty at their own expense. 47 Ark. 444 ; 52 *ib.* 449 ; 7 Eng. 122. The court found that the conduct of the defendant was such as to warrant the justice to place him under bond. It also found that the court would be warranted in further binding him. At the instance of the prosecutor, however, the defendant was discharged. This was very different from an acquittal. The defendant was culpable, and, while the leniency of the prosecutor might save him from being further bound, it could not relieve him from the payment of costs incurred by his own wrong. There was no hardship in this.

."The subjecting a defendant, who has been acquitted, to the payment of costs, in first view, may appear unjust. We attach to an acquittal the idea of perfect innocence, and it is perhaps right it should generally be considered so. But when we reflect that by the common law the defendant, though acquitted, always paid costs, and that in this State the law continued to be so, up to the 20th of March, 1797, when it was changed by act of assembly, we may, perhaps, view the case of a defendant, acquitted of actual crime, but whose conduct may have been reprehensible, in some respects, or whose innocence may have been doubtful, as not a very hard one, when left precisely as it was at the common law." 4 S. & R. 128.

MANSFIELD, J. Surety to keep the peace was required of the appellant, Collins, by the order of a magistrate, and he entered into bond with security as provided by section 2401, Mansf. Digest. That section provides that where such surety is "required by a magistrate, it shall be for keeping the peace, or for good behavior, until the defendant shall appear before the circuit court of the county, on the first day of its next term, before which court the defendant shall also be bound, with security, to appear, and not depart without leave of the court." Section 2402 makes it the duty of the magistrate taking the bond to return it to the clerk of the circuit court before its next term. Collins appeared in the circuit court, and John Moore, upon whose complaint the proceeding was taken, having also appeared, the court examined the case on evidence adduced by the State and discharged the defendant, but gave judgment against him for all the costs of the prosecution in both courts. A reversal of the latter judgment is sought on the ground that it was without authority of law—the contention being that the court in such cases is without power to tax costs against a defendant who is discharged.

The judgment recites a finding of the court that the action of the magistrate in binding the appellant was taken upon sufficient grounds; and the taxation of costs was probably controlled by the view of the facts thus indicated. But it is insisted that the court was not authorized to inquire what state of facts existed before the magistrate, and could not properly examine the case except for the purpose of ascertaining whether the defendant should be further bound.

The provisions of the criminal code under which the proceedings were had are silent as to the adjudication of costs, either in the magistrate's court or the circuit court (Mansf. Dig. secs. 2395, 2403); and the taxing of costs in such proceedings is not elsewhere expressly authorized. But costs are said to be a "necessary appendage" to a judgment in all civil actions; and we perceive no reason against applying the same rule to proceedings of a criminal nature, such as this, in the absence of any statutory direction to the contrary. 3 Black. Com. 399; *Antoni* v. *Greenhow*, 107 U. S. 781; *Johnson* v. *Chicago, etc. R. Co.* 29 Minn. 430. That costs are incidental to a judgment rendered in such proceedings is shown in *State* v. *Jackson*, 46 Ark. 138, which was a proceeding for the removal of an officer and in which no fine could be imposed. *State* v. *Whitlock*, 41 Ark. 403. And that the mere power of the court to allow costs against the defendant in a criminal prosecution is not dependent upon his conviction, is indicated by the case of *Palton* v. *State*, 41 Ark. 486, where it was held that the acquittal of the defendant did not relieve him of costs specially adjudged against him before the final trial.

The framers of the original criminal code probably regarded its general provisions respecting costs as broad enough to make them applicable as well to proceedings like this for the prevention of crime as to those instituted for the punishment of offenses. Mansf. Dig. sec. 2321;

1 Bishop, Cr. Law, sec. 945; Anderson, Law Dict. 268. Subsequent enactments on the same subject are by their terms confined to prosecutions of the latter kind. (Mansf. Dig. secs. 2318, 2321, 2342, 2343). But it would be singular if the legislature intended that persons rightfully placed under bonds to keep the peace should be exempt from liability for the costs of prosecuting them ; and as there is no statute withholding from the circuit court the power to impose costs upon the defendant in such cases, we think it possesses that power as incidental to the jurisdiction it has over the subject matter of the proceeding. *Edwards* v. *State*, 12 Ark. 124 ; 1 Bishop, Cr. Pro. sec. 1313; Freeman, Judgments, sec. 120, p. 186.

When a magistrate has taken a bond to keep the peace and filed it with the clerk, his jurisdiction over the cause is at an end, but the cause itself continues until it is determined in the circuit court. The policy of the law in transferring the case to that court is not without a reason sufficient to justify it. The surety cannot be properly taken except for a limited period ; and the influence it is designed to exert over the conduct of the defendant, it was doubtless thought, would be greater, if his discharge at the end of that period was made to depend upon an order that could only be made by a court having jurisdiction of every offense involved in a breach of the bond and having, through the investigation of a grand jury, larger means than a magistrate possesses for ascertaining whether the conditions of the bond have been observed. The action of the magistrate in taking the surety is from the nature of the case necessarily conclusive, since, before it could be reversed by the circuit court, the bond will have served its purpose. No appeal from his judgment is provided for, and the code appears to contemplate that the case shall go to the circuit court for further proceedings, as cases do from examining courts. Consistently with the statute, we think the

costs accruing before the magistrate may abide the judgment of the circuit court; and that where a defendant is discharged, that court may refuse to tax such costs against him if satisfied from evidence adduced that no reasonable grounds were shown for requiring the surety taken by the magistrate. But as no exact rule can be laid down for determining when such grounds do in fact exist, it must be left in each case largely to the discretion of the magistrate whether a bond should be required; and it is only where he has abused his discretion that the circuit court can properly decline to tax the costs of the original proceeding against the defendant. The magistrate is presumed in all cases to have acted upon sufficient cause; and whether he has done so can properly become a subject of inquiry in the circuit court only upon the defendant's complaint that a burden of cost has been imposed upon him without reasonable cause. The record does not indicate that there was such complaint in the present case; but if there was, the finding made by the court shows that the costs of the magistrate's court were correctly adjudged against the defendant. It was proper that the judgment should also include such costs in the circuit court as resulted directly from the order of the magistrate or were incident to a performance of conditions embraced in the bond; such, for example, as the fees for filing the bond, docketing the cause, entering the defendant's appearance and the order discharging him. But it was error to render judgment against him for the costs of prosecuting him in the circuit court. The statement contained in the bill of exceptions that the court considered the evidence sufficient to warrant the taking of further security, and that none was taken because Moore consented to that disposition of the case, does not affect the nature of the order discharging the defendant. That order was a judgment in his favor, and as such it did not carry the taxation of

costs against him, whether the facts justified the court in rendering it or not. The judgment as to costs will therefore be reversed; and the cause will be remanded with instructions to the court below to render judgment against the defendant for only the costs taxable against him, according to this opinion. As to the other costs, it is sufficient, in the case before us, to say that they cannot be taxed against the county. *Stalcup* v. *Greenwood District*, 44 Ark. 32.