## SPEER v. WOOD.

### Opinion delivered March 26, 1917.

1. PROSECUTING ATTORNEYS—REMOVAL—JURISDICTION OF CIRCUIT COURT.—The Legislature is without power to authorize the circuit court to suspend from office a prosecuting attorney who is under indictment.

2. PROSECUTING ATTORNEYS—REMOVAL FROM OFFICE.—The Act of March 1, 1917, amending Kirby's Digest, § 7992, giving circuit courts authority to remove from office a prosecuting attorney under indictment, *held* invalid.

Prohibition to Garland Circuit Court; *Scott Wood,* Judge; writ ordered.

*Rector & Sawyer* and *C. T. Cotham,* for petitioner.

1. The circuit court had no jurisdiction to remove petitioner from office; its action was without authority and void. The Act March 9, 1877, is unconstitutional and void. Impeachment and address are the only means for removing State officers. Art. 7, § 27, Const.; *Ib.* Art. 15; 85 Ark. 89; 32 Cyc. 689; Throop on Pub. Officers, par. 341-3, 392; 3 Metc. (Ky.), 237; 11 La. Ann. 437; 6 Bush, (Ky.) 1; 79 Ky. 42; Cooley Const. Lim. (7 Ed.) 99; 29 Cyc. 1414; Wharton on Cr. Law, Vol. 3 (11 Ed.), 2088; Mechem on Public Officers, par. 475; 3 Brew. 526; 85 Minn. 41; 23 A. & E. Enc. 431; 54 Ala. 226; 3 Cowan, 703; 54 N. H. 154.

2. The new statute authorizing suspension is an *ex post facto* law as applied to petitioner. 3 Dall. 386;

33 So. 209; Sedgw. on Stat. & Const. Law, 557, 909; Pomeroy Const. Law, 532-5; 90 N. Y. S. 134; 170 U. S. 351. See also 49 Ark. 503; 54 Ala. 599.

*Martin, Wootton & Martin,* for respondent.

The Act is not unconstitutional. The Act merely amends Kirby's Digest, §§ 7992-4. Art. 15, § 1, etc.; Kirby's Digest, § 2449, etc; Art. 27, § 7, Const.; *Ib.* Art. 3, § 2; Art. 6, § 12; Art. 6, § 22; Art. 3, § 6; Kirby's Digest, § 3452.

The Legislature has all powers not expressly or by necessary implication, taken from it. 6 R. C. L., §§ 43, 45. To justify a court in declaring an Act unconstitutional the case must be clear. 6 R. C. L., § 73. The Act does not conflict with Art. 15, Constitution. One mode of removal does not exclude all others. Impeachment and address are not the only mode. 70 So. 61; 68 *Id.* 621; 1 Miss. 146; 79 Ky. 42; 3 Brev. 526; etc.

Like legislative Acts have been sustained under similar constitutional provisions. 159 Pac. 985; 15 Am. Dec. 322; 91 S. W. 477; Am. Ann. Cases, 1916, A-1148; 42 Am. Rep. 135.

The Act is not in conflict with Art. 7, § 27, Const., and is not an *ex post facto* law. Suspension is a mere incident to the right of removal upon conviction. 81 Ark. 60; 32 *Id.* 242; 36 Pac. 502; 104 S. W. 1058; 6 R. C. L., § 26, 34; 81 Ark. 60-2; 94 Neg. 445; 50 L. R. A. (N. S.) 277; Am. Ann. Cases, 1914 B. 519. Under these authorities the petitioner has no right of property in the office from which he was suspended, and the Act of suspension takes away from him no legal rights, nor imposes upon him a legal burden or inflicts a penalty. The Act is valid.

McCulloch, C. J. The petitioner, G. H. Speer, is prosecuting attorney in and for the Eighteenth Judicial Circuit, and is under indictment returned by the grand jury of Garland county charging him with criminal misconduct. The circuit court is about to enter an order suspending the petitioner from office during the

pendency of the indictment, and a writ of prohibition is sought to restrain the court from entering the order. The power to suspend petitioner from the office of prosecuting attorney is asserted under the terms of a statute approved March 1, 1917, amending sec. 7992 of Kirby's Digest, which before being amended read as follows: "Whenever any presentment or indictment shall be filed in any circuit court of this State against any county or township officer for incompetency, corruption, gross immorality, criminal conduct amounting to a felony, malfeasance, misfeasance or nonfeasance in office, such circuit court shall immediately order that such officer be suspended from his office until such presentment or indictment shall be tried. Provided, such suspension shall not extend beyond the next term after the same shall be filed in such circuit court, unless the court is continued on the application of the defendant." The amendment merely incorporates the words "prosecuting attorney" so as to make the provisions of the Act apply to that officer. The indictments against petitioner were returned by the grand jury prior to the enactment of the statute referred to, and it is contended that even if the statute is valid so far as it operates prospectively it cannot be given retroactive effect so as to apply to proceedings instituted prior to its passage. We pretermit discussion of the question of retroactive effect of the statute and also the suggestion that the indictments against petitioner each fail to charge a public offense, and we turn immediately to the real question at issue, whether the statute is valid in attempting to authorize the removal of a prosecuting attorney by judgment of the circuit court.

The contention of the petitioner is that the Constitution provides adequate methods for the removal of public officers, which are exclusive and do not contain authority for the circuit court to remove a State officer, and that it is beyond the power of the Legislature to confer such authority. It is contended on the other hand by the respondent that the constitutional pro-

visions on the subject only have reference to removal from office, and not being exclusive, leave the Legislature possessed of full power to provide for removal of officers as a part of the punishment for crime. The Constitution of 1874, art. 15, provides for the impeachment of State officers before the senate sitting as a court of impeachment, the sole power of initiating the proceedings being vested in the House of Representatives. It is provided that the impeachment "whether successful or not, shall be no bar to an indictment." There is a further provision in that article for the removal of State officers by the governor upon the joint address of two-thirds of the members elected to each house of the General Assembly. Those provisions, it is to be observed, apply only to State officers, and it has been decided by this court that prosecuting attorneys are State officers within the meaning of the constitutional provisions. *Griffin* v. *Rhoton*, 85 Ark. 89. Sec. 27, art. 7, of the Constitution of 1874, reads as follows: "The circuit court shall have jurisdiction upon information, presentment or indictment to remove any county or township officer from office for incompetency, corruption, gross immorality, criminal conduct, malfeasance, misfeasance or nonfeasance in office."

It is thus seen that there is a constitutional scheme provided for the removal of all officers, State, county and township. It is true that the method of impeachment before the General Assembly is a peculiar one, not analogous to other proceedings in civil or criminal jurisprudence, and the Constitution expressly provides, as before stated, that an impeachment shall not constitute a bar to indictments for any crime involved in the charge. The provision for impeachment of State officers might, if standing alone in the Constitution, be susceptible to the construction that it is not intended as an exclusive method of removal of such officers, but when considered in its relation to the other provisions prescribing a different method of removal of county and township officers, it is evident that the framers of the

Constitution intended to erect an exclusive scheme of dealing with the subject of removals from office. The other provision with respect to the power of the circuit court was not intended merely as a method of removal, but also for the purpose of adding, to that extent, to the punishment of the criminal offense committed by the public official. Such is the construction placed on that section by this court. *Haskins* v. *State*, 47 Ark. 243. In that case the proceeding was against a county officer, but it was sought to remove him by information filed by the prosecuting attorney, and this court held that when the alleged cause of removal constituted an indictable offense, the proceeding must be by indictment, and not by information. That construction of the constitutional provision necessarily stamps it as one for the punishment of crime by removal from office. Unless we treat the provisions referred to as exclusive, then there is no effect at all given to the one concerning the jurisdiction of the circuit court to remove county and township officers, and it may as well have been omitted. The circuit court is, under the Constitution, the general residuum of all jurisdiction not otherwise vested, and in the absence of any constitutional provisions on the subject the Legislature would have power to authorize the circuit court to remove county and township officers. That section was, therefore, inserted, not merely as a grant of power, but also as a limitation, and we must so construe it to give it any effect at all. If, in other words, the framers of the Constitution had intended to leave intact the legislative power to remove officers both State and county as a punishment for crime, it would have been unnecessary to incorporate sec. 27 of art. 7. Judge Cooley laid down as one of the rules of construction "that when the Constitution defines the circumstances under which a right may be exercised or a penalty imposed, the specification is an implied prohibition against legislative interference to add to the condition, or to extend the penalty to other cases." (Cooley's Const. Lim. 7th Ed. p. 99). That rule of construction

has been followed in many decisions, notably by the Kentucky court of appeals in the case of *Lowe* v. *Commonwealth,* 3 Met. 241, where it was said "that wherever the Constitution has created an office and fixed its term, and has also declared upon what grounds and in what mode an incumbent of such office may be removed before the expiration of his term, it is beyond the power of the Legislature to remove or suspend him from office for any other reason or in any other mode than the Constitution itself has furnished." To the same effect see *Commonwealth* v. *Williams,* 79 Ky. 42; *State* v. *Wiltz,* 11 La. Ann. 439; *State* v. *Dunson,* (La.) 70 Sou. 61. The same rule is stated by Mr. Throop in his work on Public Officers (p. 343) as follows: "It is well settled that where the Constitution creates or recognizes an office, and declares that the incumbent may be removed in a specified manner or for specified reasons, the Legislature can not constitutionally provide by statute for his removal for any other reason or in any other manner." Sec. 2450, Kirby's Digest, a part of the criminal code enacted in 1868, provides that "where justices of the peace, sheriffs, coroners, surveyors, jailers, county assessors, prosecuting attorneys, constables, city or police judges, clerks, and marshals shall be convicted upon an indictment for malfeasance or misfeasance in office, or for wilful neglect in the discharge of their official duties, or for any offense, which, by the statute law or Constitution, creates a forfeiture of their offices, the court shall render a judgment of removal from office, in addition to the other penalties and punishment prescribed by law." That section has no application to suspension, but refers only to final judgments of removal from office, but it is argued in the brief for respondent that the inclusion of the office of prosecuting attorney within the terms of the statute shows a legislative determination of the power of that body to provide for the removal of that officer by judgment of the circuit court. The statute thus referred to was enacted under the Constitution of 1868, and we need

not determine whether it was valid at that time, for if it is found to be in conflict with the Constitution of 1874, it must be held to have been displaced, although valid at the time it was enacted. It is worthy of notice that Kirby's Digest, sec. 7992, *et seq.* which were amended by the recent statute under which the circuit court of Garland county is attempting to proceed, were enacted by the Legislature of 1877, which assembled less than three years after the adoption of the Constitution of 1874, and contained members of the constitutional convention, and that the statute was made to apply only to county and township officers, and this leads to the view that the Legislature at that time determined that it had no power to provide for the removal of any but county and township officers. Our attention is called to certain other provisions of the Constitution with respect to forfeitures of office by reason of commission of specific offenses, and that no method is prescribed for the enforcement of those forfeitures. For instance, it is provided in sec. 6, art. 3, that persons convicted of fraud, bribery and other corrupt and wilful violations of the election law of the State shall be disqualified from holding any office of trust or profit; and in sec. 9, art. V, that persons convicted of embezzlement of public money, bribery, forgery or other infamous crime shall not be eligible to the General Assembly or capable of holding any office of trust or profit in this State; and in sec. 2, art. 19, that no person who may fight a duel or assist in the same as second or send or accept or knowingly carry a challenge therefor shall hold any office, etc. We do not have to deal with those provisions of the Constitution in disposing of the case now before us, but when the question is presented it may be found that the power is implied for the Legislature to provide for a method ascertaining and declaring the forfeiture. Those additional provisions, however, rather strengthen the conclusion that the Constitution makers intended to provide a complete scheme for declaring forfeitures of offices and of removing officers. At any

rate, the majority of the court reach the conclusion that the two provisions of the Constitution referred to in the outset were intended to operate exclusively, and that there is no power in the Legislature to provide for judgments of removal of State officers otherwise than by the court of impeachment. It follows that since the Legislature has no power to authorize the circuit court to remove a prosecuting attorney by final judgment of the court, it could not authorize the temporary suspension during the pendency of the indictments, for to do so would be to provide temporarily a greater punishment than was authorized by the Constitution. We hold, therefore, that the statute approved March 1, 1917, is void, and that the court can not proceed under it. The writ of prohibition is accordingly awarded to restrain the circuit court from proceeding beyond its jurisdiction and authority.

HART, J. (concurring).

It seems to me that the opinion of the majority misapplies a well known and salutary rule of construction, and for this reason I feel impelled to express my views on the question. The divergence of our views in applying a cardinal rule of construction will doubtless call to mind the motto of Mr. Sedgwick, "Great is the mystery of judicial construction." Article 15 of our Constitution provides for the impeachment of certain officers, and the procedure thereof. Sec. 1 reads as follows:

"The governor and all State officers, judges of the Supreme and circuit courts, chancellors and prosecuting attorneys, shall be liable to impeachment for high crimes and misdemeanors, and gross misconduct in office; but the judgment shall go no further than removal from office and disqualification to hold any office of honor, trust or profit under this State. An impeachment, whether successful or not, shall be no bar to an indictment."

Sec. 2 provides that the House of Representatives shall have sole power of impeachment and all impeach-

ments shall be tried by the Senate. Sec. 3 provides that the Governor, upon the joint address of two-thirds of the members elected to each house of the General Assembly, for good cause, may remove certain officers, including the prosecuting attorney.

Sec. 27 of art. 7, provides that the circuit court shall have jurisdiction upon information, presentment or indictment, to remove any county or township officer from office for incompetency, corruption, gross immorality, criminal conduct, malfeasance or misfeasance in office.

In construing this section, the court has held that county and township officers may be removed for incompetency, upon information filed by the prosecuting attorney. *State* v. *Jackson*, 46 Ark. 137. But if the removal is sought for an indictable offense, the proceeding must be by indictment. *Haskins* v. *State*, 47 Ark. 243. The Jackson case recognized the rule that if the removal is for criminal conduct the crime is punishable in a separate proceeding. The impeachment of the prosecuting attorney is provided in art. 15. The proceedings for the removal of the officers named in Art. 15 do not seek to have such officers punished for their misconduct, but merely to remove them from office and are of a civil note. See note to 20 A. & E. Ann. Cas. at page 112. That the proceedings are of a civil nature only was recognized by the framers of the Constitution, for they provided that an impeachment, whether successful or not, should be no bar to an indictment. Sec. 6395 of Kirby's Digest provides that prosecuting attorneys may be indicted for any misdemeanor in office or neglect of duty, and punished by fine, not less than fifty, nor more than one thousand dollars. This section was a part of the Revised Statutes.

Section 2450 of Kirby's Digest, which is a part of our criminal code, provides that where justices of the peace, sheriffs, coroners, surveyors, jailers, county assessors, prosecuting attorneys, constables, city or police judges, clerks and marshals shall be convicted

upon an indictment for malfeasance, or misfeasance in office, or for wilful neglect in the discharge of their official duties, or for any offense which by the statute law or Constitution creates a forfeiture of their offices, the court shall render a judgment of removal from office in addition to the other penalties and punishment prescribed by law. Thus it will be seen that this section provides as part of the punishment that if the prosecuting attorney or other officers named shall be convicted of an offense which creates a forfeiture of their office, the court in addition to the other punishment shall render a judgment of removal from office. This section in no manner is in conflict with the Act of March 9, 1877, providing for the suspension of the officer pending his trial and for his removal after his conviction. That Act applies only to proceedings for the removal of officers under sec. 27 of art. 7. It is a practice act passed for the purpose of carrying into effect that provision of our Constitution and has no application whatever when the officer is indicted for a crime in a separate proceeding. *Allen* v. *State*, 32 Ark. 241; *State* v. *Whitlock*, 41 Ark. 403. So it will be seen that the two acts were passed for different purposes and do not in any manner conflict with each other. Besides prosecuting attorneys cannot be removed under sec. 27, art. 7 of the Constitution and the Act of March 9, 1877, first referred to could in no sense be repugnant to sec. 2450 as far as prosecuting attorneys are concerned.

Again it is insisted that art. 15 of the Constitution having provided how the officers named therein shall be removed, its provisions are exclusive. It is a cardinal rule of construction that whenever a State Constitution prescribes a particular manner in which a power of removal shall be executed, it prohibits every other mode of exercising that power. The object sought to be accomplished by art. 15 of the Constitution is to protect the people from unworthy or corrupt officials and not to punish the offender. The article having prescribed a method for the removal of the officers therein

named, that method is exclusive, and such officers may not be removed from office in any other way when that is the prime object of the proceedings. The Constitution is the paramount law, and an Act of the Legislature can not conflict with it. The same article provides for the indictment or criminal prosecution of the officers named as a part of the punishment upon conviction. Section 2450 provides that the prosecuting attorney is to be removed from office in addition to the other punishment fixed by the Legislature. It is true the removal of the officer is accomplished in each instance; but there is no conflict in the two cases. In impeachment proceedings, the removal of the officer is the sole object to be accomplished and that can only be done in the manner provided by the Constitution. When the offender is indicted and prosecuted in the criminal courts, his removal upon conviction is made by the Legislature a part of his punishment, and his removal is only incidental to the purpose to be accomplished. If the opinion of the majority is to obtain, an official designated in art. 15 might be convicted of malfeasance in office in the criminal courts and yet could not be removed from office unless the Legislature was in session and would present impeachment proceedings.

I think the views I have expressed are in accord with the principles announced in *State ex rel. Thompson v. Crump,* (Tenn.) L. R. A. 1916 D-951. The Constitution of Tennessee contains a provision relative to the impeachment of State officers similar to our Constitution. It also provides that the offender shall be liable to indictment. A subsequent section provides that justices of the peace and other civil officers not before named, for crimes or misdemeanors in office shall be liable to indictment in such courts as the Legislature may direct; and upon conviction, shall be removed from office by said court and shall be subject to such other punishment as may be prescribed by law.

The Legislature passed an Act having for its purpose the removal of certain officers by civil proceedings.

A bill was filed in the chancery court under it to remove from office the mayor of the city of Memphis for misconduct in office. Objection was made that the act was in conflict with the section of the Constitution of Tennessee last referred to. The Supreme Court of Tennessee held that it was not, and affirmed the decree of the chancery court removing the mayor from office under the Act. The court said that the vice of the argument consisted in the assumption that the section designs primarily to provide a method for the removal of the civil officers therein mentioned, and that such was not the real object of the section. The court said that the dominant purpose of the section was to provide for the indictment or criminal prosecution of the civil officers indicated and that the removal of the officer is incidental. The court held that inasmuch as the Constitution had not undertaken to regulate proceedings for the removal of officers when such proceedings are civil in character that it was competent for the Legislature to formulate a scheme of its own. There the removal of the officials could be accomplished by each proceeding. Here we have the converse of the proposition, and in the application of the principles above announced I am of the opinion that the Legislature had the authority to provide for the indictment and prosecution of the officers named in art. 15, and as part of the punishment upon conviction to give the court power to remove the accused from office. In my judgment the opinion of the majority lays down a rule which might cause great embarrassment in the administration of our criminal laws; and for this reason I have ventured to express at length my dissent to the opinion of the majority although for reasons hereinafter stated I concur in the judgment.

I concur in the judgment because I do not think the act under which the court acted in the temporary suspension of the prosecuting attorney is valid. The act is amendatory of the act of March 9, 1877, providing for the suspension of any county or township officer. As we have already seen that act applies only to

prosecutions for removal from office under sec. 27, art. 7 of the Constitution. *Allen* v. *State, supra,* and *State* v. *Whitlock, supra.* It is a practice Act when removals from office by indictment are sought under that section of the Constitution. It will be remembered that when the alleged cause of removal under that section is for an indictable offense, the proceeding must be by indictment. The prosecuting attorneys of the State do not come within the provisions of that section and the power of suspending them can not be conferred by amending an Act regulating the practice under that section. That the Legislature had the power to give the court the authority to suspend the prosecuting attorney during the pendency of an indictment against him by an independent Act passed for that purpose is settled by the reasoning of the court in *Allen* v. *State, supra,* and *Griner* v. *Thomas,* 101 Tex. 36, 16 A. & E. Ann. Cas. 944. I do not think, however, the Legislature could confer this power by amending the practice Act above referred to by inserting in it the prosecuting attorney along with the officers designated by sec. 27, art. 7, of the Constitution.

Again it is insisted that the power of temporary suspension is included in the power to remove. In *State* v. *Peterson,* 50 Minn. 244, 52 N. W. 655, the court in discussing this question said, "But, says respondent, authority to provide for the removal does not carry with it the power to provide for the suspension of an officer. Whether the power to suspend is included generally in the power to remove, so that the former may be exercised independently of the latter, we need not consider. But we are very clear that the power of temporary suspension, so far as necessary and ancillary to the power to remove, is included in the latter. This is under the familiar doctrine of implication, that, where a Constitution gives a general power or enjoins a duty, it also gives by implication every particular power necessary for the exercise of the one or the performance of the other. Cooley Const. Lim. 78." See also *Griner* v.

*Thomas,* 101 Tex. 36, 16 A. & E. Ann. Cas. 944. It will be noted, however, that in both of those cases the paramount object to be accomplished was the removal from office of an officer guilty of malfeasance in office and the court held that the power to remove includes the power of temporary suspension pending the trial of the officer. That principle does not apply here, however, for the removal of the officer is not the primary object sought to be accomplished, but it is only incidental. The primary object to be accomplished here is the punishment of the defendant and his removal from office only follows after conviction as a part of the punishment. In such a case the suspension of an officer pending his trial for malfeasance or misconduct in office is not included as necessarily ancillary to the power to remove from office after conviction. As we have just seen the power of removal is a part of the punishment and to include in it the power of temporary suspension would be to punish the offender before conviction.

Therefore, it is only where the power to remove from office is the primary object that it includes the power of temporary suspension pending the trial of the officer.

Mr. Justice Wood authorizes me to state that he concurs in the views I have herein expressed and for the reasons just given we concur in the judgment while we express our dissent to the opinion of the majority.