The Honorable Ted Thomas State Representative 900 S. Shackleford Suite 300 Little Rock, Arkansas 72211
Dear Representative Thomas:
This letter is a response to your request for an opinion regarding two issues involving elected county officials. You have presented the following questions:
 (1) Does Amendment 55 permit a county, acting through its quorum court, to provide for term limits for elected county officials?
 (2) Does Amendment 55 permit a county, acting through its quorum court, to provide for recall by petition of elected county officials?
RESPONSE
Question 1 — Does Amendment 55 permit a county, acting through its quorumcourt, to provide for term limits for elected county officials?
It is my opinion, although the Arkansas Supreme Court has not had an opportunity to address the question, that Amendment 55 does permit a county, acting through its quorum court, to provide for term limits for elected county officials.[1]
The pertinent part of Amendment 55 states:
 A county acting through its Quorum Court may exercise local legislative authority not denied by the Constitution or by law.
Ark. Const. amend. 55, § 1(a).
In my opinion, this provision of Amendment 55 indicates that county quorum courts may create term limits for elected county officials if such creation is not prohibited by the constitution or by any other source of law.
I have found no constitutional prohibition upon a quorum court's enactment creating term limits for elected county officials. Neither have I discovered any case law prohibition upon an enactment of this nature. The Arkansas statutes do set forth several limitations on the powers of quorum courts which call for examination. Arkansas Code section 14-14-805
describes the powers that the legislature have explicitly denied to quorum courts. The only portion of that statute that could have any bearing upon the question that you have presented states:
 Each county quorum court in the State of Arkansas exercising local legislative authority is prohibited the exercise of the following:
* * *
(13) Any legislative act contrary to the general laws of the state.
A.C.A. § 14-14-805.
Similarly, A.C.A. § 14-14-807 states:
 A county exercising local legislative power is subject to the following provisions. These provisions are a prohibition on the legislative power of a county acting other than as provided:
* * *
 (2) All state laws establishing legislative procedures or requirements for county government;
(3) All laws requiring elections. . . .
A.C.A. § 14-14-807(2)-(3).
The pertinent question, then, becomes whether an enactment by the quorum court creating term limits for elected county officials would be contrary to any general laws of the state, and particularly, to any state laws regarding legislative procedures or requirements for county government or requiring elections.
A review of the laws governing county legislative procedures and elections, set forth in the county government code at A.C.A. § 14-14-101et seq., indicates that those laws contain no provisions to which an enactment creating term limits for elected county officials would be contrary. Although A.C.A. § 14-14-1302 does provide for the length of each term served by elected county officials (two years), and that such officials are to serve until their successors are elected, the statute is silent on the issue of the number of terms that the officials may serve. Under the language of Amendment 55, this silence leaves the door open for the quorum court to address the issue.[2]
This conclusion is bolstered by the provisions of section 2 of Amendment 55, which states:
 The Quorum Court may create, consolidate, separate, revise, or abandon any elective county office or offices except during the term thereof. . . .
Ark. Const. amend. 55, § 2(b).
In my opinion, however, any enactment by the quorum court creating term limits must be approved by the general electorate under the jurisdiction of the quorum court. The above-quoted provision goes on to state:
 [P]rovided, however, that a majority of those voting on the question at a general election have approved said action.
Ark. Const. amend. 55, § 2(b)
Question 2 — Does Amendment 55 permit a county, acting through its QuorumCourt, to provide for recall by petition of elected county officials?
It is my opinion that Amendment 55 does not permit a county to recall elected county officials by petition. Moreover, it is my opinion that such a recall would be contrary to Arkansas law, without regard to Amendment 55.
As discussed previously, Amendment 55 permits county quorum courts to exercise only that authority that is not denied by the constitution or other law. Although the constitution does not deny county quorum courts the authority to recall county officials by petition, it does provide a procedure for the removal of elected county officials. Article 7, § 27 of the Arkansas Constitution states:
 The circuit court shall have jurisdiction upon information, presentment or indictment to remove any county or township officer from office for incompetency, corruption, gross immorality, criminal conduct, malfeasance, misfeasance or nonfeasance in office.
Ark. Const. art. 7, § 27.[3]
The Arkansas Supreme Court has held that the above-quoted procedure set forth in the constitution is exclusive, and that procedures that depart from it are in conflict with it, and are therefore unlawful. See Speerv. Wood, 128 Ark. 183, 193 S.W. 785 (1917). I therefore find that an attempt by a county quorum court to recall elected county officials by petition would be contrary to state law, thus rendering the attempt an action denied by the provisions of A.C.A. § 14-14-807, and making it, then, an action prohibited by Amendment 55. Moreover, recall by a legislative body such as a quorum court would, in my opinion, violate the separation of powers doctrine by usurping the authority of the judiciary to determine the appropriateness of removal.
I therefore conclude that the county quorum court may not recall elected county officials by petition.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] However, any such action by the quorum court must be approved by the general electorate under the quorum court's jurisdiction.
[2] It could be argued that the issue of term limits of elected officials is a matter over which the state has such general authority that the county's authority in this area is implicitly superseded by that of the state. See generally Kollmeyer v. Greer, 267 Ark. 632,593 S.W.2d 29 (1980). I cannot conclude, however, that the state has so pervasively covered this area that it has impliedly preempted county legislation on the subject.
[3] The provisions of A.C.A. § 14-14-1311 are identical to the provisions of Ark. Const. art. 7, § 27.