The Honorable Percy Malone State Senator 518 Clay Street Arkadelphia, AR 719823-6024
Dear Senator Malone:
I am writing in response to your request for my response to the following questions:
 1. Do provisions of Act 2284 of 2005 eliminate the relief provided to persons sixty-five (65) or older when it becomes necessary for the person sixty-five (65) or older to sell a home that contains a large acreage and to subsequently purchase a smaller home due to health reasons?
 2. Can the provisions of Act 2284 of 2005 and subsection (d)(1)(A) of Section 1 of Amend. 79 be reconciled?
 RESPONSE
I assume that the "relief" referenced in your first question is that provided under Ark. Const. amend. 79, which provides for property tax freezes on the homesteads of the disabled and those sixty-five years of age or older. If so, the answer to your question is "no"; given the primacy of constitutional law, no statutory provision could "eliminate the relief" the constitution affords. Pursuant to the express terms of the Arkansas Constitution, Amendment 79 tax relief will run from the date of purchase of the new property, whose assessed value will be frozen as of the date of purchase unless that value subsequently decreases, in which case the assessment will be frozen based upon the lower appraised value. The circumstances giving rise to the purchase are immaterial to this analysis. Pursuant to Amendment 79, a qualifying individual who purchases property will be entitled to have its assessed *Page 2 
value frozen as of the date of purchase. His tax status with respect to previously owned property will be immaterial. I believe the answer to your second question is likewise "no." If a purchaser of property is disabled or sixty-five years or older, I do not believe the provisions of Act 2284, as codified in A.C.A. § 26-26-1123, which dictates that the tax rate following the sale of property be adjusted following the next regularly conducted assessment, can be reconciled with the constitutional imperative set forth in Ark. Const. amend. 79(d)(1)(A), which ensures that the assessment on the homestead of an invalid or a person sixty-five years of age or older can never be increased beyond the assessment at the time of the purchase or construction.
Question 1: Do provisions of Act 2284 of 2007 eliminate the reliefprovided to persons sixty-five (65) or older when it becomes necessaryfor the person sixty-five (65) or older to sell a home that contains alarge acreage and to subsequently purchase a smaller home due to healthreasons?
In my opinion, the answer to this question is "no" because a statutory restriction cannot compromise relief afforded by the Arkansas Constitution.
If a person sixty-five years or older sells property and purchases other property for whatever reason, he will be entitled to tax relief pursuant to Amendment 79. However, that relief will consist only in ensuring that for purposes of taxation the assessed value of the purchased property will never exceed that in effect at the time of the sale. Notwithstanding what might be a contrary suggestion in your question, the circumstances surrounding the buyer's sale of his previous homestead are immaterial. Although Act 2284 provides that purchased property will be assessed at 20% of its appraised value as of the nextassessment date following the date of purchase, Amendment 79 is unambiguous in providing that, unless the assessed value of the purchased property drops following the sale, the assessed value will be frozen as ofthe date of purchase if the buyer is disabled or over the age of 65. In my opinion, this constitutional provision trumps any contrary statutory provision.
As you note in your request, Ark. Const. amend. 79(d)(1)(a) provides:
 A homestead used as the taxpayer's principal place of residence purchased or constructed on or after January 1, 2001 by a disabled person or by a person sixty-five (65) years of age or older shall be *Page 3 
assessed thereafter based on the lower of the assessed value as of the date of purchase or construction or a later assessed value.
(Emphasis added.)
Section 26-26-1123 of the Arkansas Code, as enacted by Acts2005, No. 2284, § 1 and amended by Acts 2007, No. 827, § 203, provides as follows:
 (a) When a person sells his or her real property, the county assessor shall assess the real property at twenty percent (20%) of the appraised value at the next assessment date after the date of the transfer of title to the real property.
 (b) The owner of real property to whom title is transferred by a sale is not entitled to claim any limitation on the assessed value of the real property until the second assessment date after the date of the transfer of title to the real property.
 (c) This section does not apply to any transfer of title to real property claimed as a homestead in which the owner or beneficiary of the homestead retains a life-estate interest in the homestead following the transfer of title to the real property.
(Emphases added.) In apparent contravention of Amendment 79, this statute carves out no automatic and immediate exception for invalids or individuals aged sixty-five or over. Indeed, notwithstanding the express language of Amendment 79 providing that the assessments for such individuals will be frozen as of the date of sale, subsection (b) of the statute expressly provides that the freeze will not apply until the second assessment following the date of sale.
As one of my predecessors has opined, Act 2284(a) generally "mandates lifting the caps on annual property tax increases imposed by Amendment 79 whenever `a person sells his or her real property.'" Ark. Op. Att'y Gen. No. 2005-144. Subsection (b) of A.C.A. § 26-26-1123 (Supp. 2007), which codifies one provision of Act 2284 of 2005, further directs that the purchaser of the property cannot claim any limitation on the assessed value until the second assessment following the purchase, meaning that during the period immediately following the first post-purchase assessment, the purchaser must pay taxes based upon an assessment *Page 4 
reflecting a full 20% of the property's appraised value.[1] However, pursuant to the express provisions of Amendment 7 9 § 1(d)(1)(A), the freeze on the assessed value of property for a disabled person or a person over the age of 65 takes effect on either the date of purchase of the property or any subsequent date when the property's assessed value diminishes. Specifically with respect to your question, then, if an individual falling within the exception sells his homestead and purchases another, the frozen assessed value of the new homestead will be that in effect immediately prior to the date of the purchase. As my predecessor noted in Opinion No. 2005-144 at note 2:
 It appears clear on the face of [Amendment 79] that, notwithstanding what might appear to be the contradictory mandate of A.C.A. § 26-26-1120(b)(2), if a person who is disabled or over 65 buys a homestead, his assessment will be frozen at the "value as of the date of purchase," not at full market value as assessed [thereafter].
 Question 2: Can the provisions of Act 2284 of 2005 and subsection(d)(1)(A) of Section 1 of Amend. 79 be reconciled?
As reflected in my response to your first question, with respect to invalids and individuals sixty-five years or older who reside in a homestead, I believe Ark. Const. amend. 79, § (1)(d)(1)(A) clearly trumps what might otherwise be the effect of A.C.A. § 26-26-1120(b). As the court noted in Gravett v. Villines, 314 Ark. 320, 326, 862 S.W.2d 260
(1993): "It is a well established legal principle that constitutional provisions, including amendments, take precedence over any law passed by the legislature." See also State v. Green and Rock, 206 Ark. 361, 364,175 S.W.2d 575 (1943) ("It is generally held . . . that the General Assembly's power to act may also be denied by necessary implication in the constitution.") (emphasis in original); see also Speer v. Wood,128 Ark. 183, 193 S.W. 785 (1917) ("When the Constitution defines the circumstances under which a right may be exercised or a penalty imposed, the specification is an implied prohibition *Page 5 
against legislative interference to add to the condition. . . ." (Quoting COOLEY'S CONST. LIM., 7th ed., p. 99).
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL
Attorney General
[1] In my opinion, this statutory restriction might apply without offending the constitution to the non-homestead property addressed in § 1(b)(1) of Amendment 79 and the homestead property addressed in § 1(c)(1) of Amendment 79, so long as the purchaser of the property does not qualify for the express exception to this formula set forth in § 1(d)(1)(A) of Amendment 79 as being applicable to invalids and those over the age of sixty-five purchasing a homestead. In the large majority of sales, then, which do not involve a purchase by one of the excepted purchasers described in § 1(d)(1)(A), the restrictions set forth in A.C.A. § 26-26-1123 would appear to be constitutionally unobjectionable.See discussion, infra. *Page 1