Mr. Robert Reed, Spokesperson Arkansans for Medical Cannabis
295 Elan Trail Dennard, Arkansas 72629
Dear Mr. Reed:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2007), of the following popular name and ballot title for a proposed initiated measure:
 Popular Name THE EQUAL AND FAIRNESS DRUG FREE WORKPLACE ACT
 Ballot Title AN ACT TO ENSURE THAT THE ELECTED AND APPOINTED OFFICIAL [SIC] OF THE STATE OF ARKANSAS COMPLY WITH THE DRUG FREE WORK FORCE POLICIES AND REQUIREMENTS AS SET FORTH BY RULE/REGULATION FOR RECEIPT OF ANY GOVERNMENTAL BENEFITS OR FUNDING
This popular name and ballot title are submitted for a proposed act that calls for the suspension or removal of "officials in the state"[1] based on a "violation" or "failure" in connection with random drug testing requirements under the act. *Page 2 
I must respectfully decline to certify a popular name and ballot title for this measure.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. This process is in aid of Amendment 7 to the Arkansas Constitution (codified at Ark. Const. art. 5, § 1), which reserves to the people the power to enact state laws and to propose statewide constitutional amendments. Id. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition. Neither certification nor rejection of a popular name and ballot title reflects my view of the merits of the proposal. This office has been given no authority to consider the merits of any measure.
In addition, following Arkansas Supreme Court precedent, this office will not address the constitutionality of proposed measures in the context of a ballot title review unless the measure is "clearlycontrary to law." Kurrus v. Priest,342 Ark. 434, 29 S.W.3d 669 (2000); Donovan v. Priest,326 Ark. 353, 931 S.W.2d (1996) (emphasis added); Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992).
Having reviewed your proposed act, ballot title, and popular name pursuant to this authority, it is my determination that your submission must be rejected because it is clearly unconstitutional in providing for the removal of all elected and appointed state officials based on drug screening. The Arkansas Supreme Court has held that the Arkansas Constitution provides an exclusive scheme for dealing with removals from state office. The controlling provisions are: Ark. Const. art. 5, A.C.A. § 1 (providing for impeachment of state officers before the senate sitting as a court of impeachment), Ark. Const. art. 5, A.C.A. § 3 (providing for removal of state officers by the governor upon joint address of two-thirds of the members elected to each house of the General Assembly), Ark. Const. amend. 66 (subjecting judges *Page 3 
to removal by the Arkansas Supreme Court), and Ark. Const. art. 5, §§ 11 and 12 (constitutional authority to expel members of the General Assembly).
The causes for which and the methods by which state officers may be removed must be found in the constitution. This is reflected by the case of Speer v. Wood, 128 Ark. 183, 193 S.W. 785 (1917), where a circuit court, acting under a statute passed by the General Assembly, attempted to suspend a prosecuting attorney from office during the pendency of an indictment against him, i.e., prior to any conviction. The Arkansas Supreme Court restrained the circuit court from suspending the prosecutor, holding that there is no power in the legislature to provide for removal of state officers otherwise than by the court of impeachment. The court concluded that "the framers of the Constitution intended to erect an exclusive scheme of dealing with the subject of removals from office." 128 Ark. at 189. The court subsequently summarized the rule as follows:
 It is well settled that where the Constitution creates or recognizes an office, and declares that the incumbent may be removed in a specified manner or for specified reasons, the Legislature cannot constitutionally provide by statute for his removal for any other reason or in any other manner.
Leonard v. Luther, 185 Ark. 572, 576, 48 S.W.2d 242 (1932) (citingThroop on Public Officers, p. 343).
The Arkansas constitutional provisions for removal are therefore exclusive. And there is no way to constitutionally remove a state officer from office prior to a conviction. Consequently, there is no support in the constitution for the suspension or removal of state officials based on a "violation" or "failure" in connection with random drug testing as contemplated by your proposed act.[2] I *Page 4 
must therefore respectfully decline to certify a popular name and ballot title for this measure, which would be unconstitutional if enacted.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] I note that your proposed ballot title refers to "official [sic]of the state . . ." (Emphasis added). The disconnect between this language and the text of the measure makes it somewhat unclear whether the proposed act is intended to applied to any public officials other than state officers (i.e., county, township, and municipal officers).
[2] Another constitutional provision, Ark. Const. art. 7, § 27, governs the removal of county or township officers, and provides that "upon information, presentment, or indictment" the circuit court has jurisdiction to remove any such officer "for incompetency, corruption, gross immorality, criminal conduct, malfeasance, misfeasance or nonfeasance in office." Unlike the constitutional provisions applicable to state officers, therefore, Article 7, section 27 may be employed absent any conviction. As noted above, the application of your proposed act to county and township officers is unclear. Moreover, the proposed act is silent with respect to the enforcement mechanism. I consequently will not undertake a constitutional analysis of the measure as applied to any officers other than state officials.