## HASKINS v. STATE.

47  243
72  588

1. CRIMINAL PRACTICE: *Information; Removal from office.*
   A sheriff can not be removed from office by information, for permitting a prisoner, convicted of a misdemeanor and placed in his custody to be hired out until the fine and costs are paid, to go at large without paying the fine and costs. The proceeding must be by indictment.

2. SAME: *Same.*
   When an alleged cause of removal from office is a matter not cognizable by a grand jury, *e. g.,* incompetency, drunkenness, immorality, etc., then the state's attorney may proceed upon his own motion, by information filed under oath; but if it is for an indictable offense the proceeding must be by indictment.

APPEAL from *Mississippi* Circuit Court.

Hon. T. P. McGovern, Special Circuit Judge.

*U. M. & G. B. Rose* for Appellant.

The *Bill of Rights, sec. 8*, declares that: "No person shall be held to answer a criminal charge unless on the presentment or indictment of a grand jury." The exceptions do not touch this case.

This is a criminal charge, both in form and in fact. *State v. Whitlock, 41 Ark., 406; 1 Bishop Crim. Pro., sec. 141; Bouvier Law Dict.; Van Meter v. People, 115 Mass., 142; Comm. v. Intoxicating Liquors, 122 Id., 8.*

*Dan W. Jones,* Attorney General, for Appellee.

Appellant is charged with a violation of *Sec. 1777, Mansf. Dig.* See also, *Sec. 1771.*

The circuit court has jurisdiction to remove county and township officers from office, by information, for malfeasance, misfeasance, nonfeasance, etc., in office. *Const., art. 7, sec. 27; State v. Whitlock, 41 Ark., 403.*

Offices in this country are not regarded as grants or contracts, the obligation of which can not be impaired, but rather as trusts or agencies for the public. *Allen v. State, 32 Ark., 241, 243.*

Appellant violated a law of the state, and the question of whether he wilfully or intentionally did so is immaterial; it was misfeasance in office, at the least, and he was fairly and properly convicted; he has no ground of complaint. *McClure v. State, 37 Ark., 426.*

The supersedeas was improperly granted in this case; *Sec. 2464, Mansf. Dig.,* has no application to appeals from judg-

ments upon criminal information, but proceedings are regulated by the common law. *State v. Whitlock, supra.*

SMITH, J. The prosecuting attorney for the Second judicial circuit filed an information in the circuit court against Haskins, the sheriff of Mississippi county, charging him with malfeasance in office, and praying for his removal. The accusation was, that one Hollowell, having been convicted of a misdemeanor and placed in his custody to be hired out until fine and costs were paid, had been permitted by Haskins to go at large notwithstanding the fine and costs had not been paid.

A demurrer to the information was overruled, and the case was tried before a jury which found the defendant guilty. The court made an order removing Haskins from office, and directing him to turn over all things pertaining to his office to one Faber, who was appointed sheriff *ad interim* until the governor should make an appointment. Motions for a new trial and in arrest of judgment were denied; and Haskins has appealed to this court, giving a supersedeas bond.

*Section 8 of the Bill of Rights, Constitution of 1874,* declares that "no person shall be held to answer a criminal charge, unless on the presentment or indictment of a grand jury," with certain specified exceptions that do not touch this case. By *Sec. 27 of Art. 7,* of the same instrument, it is provided that "the circuit court shall have jurisdiction, upon information, presentment or indictment, to remove any county or township officer from office, for incompetency, corruption, gross immorality, criminal conduct, malfeasance, misfeasance or nonfeasance in office."

<div class="margin-note">1. INFORMA-TION: Removal from office.</div>

These provisions are, to some extent, in apparent conflict, and it is the office of construction to reconcile them, giving effect to each, so far as may be done, and carrying out the intentions of the constitutional convention which framed the

whole instrument. Two interpretations are possible: 1. That when the alleged cause of removal is a matter not cognizable by a grand jury, *e. g.*, incompetency, drunkenness, immorality, etc., then the state's attorney may proceed upon his own motion, by information filed under oath. But if it is for an indictable offense, the proceeding must be by indictment. 2. That when the object is to punish an offender by the infliction of the penalties which the law denounces against crime, the prosecution must originate in the grand jury room; but that an information for removal is not of this character, the consequence of a conviction extending only to a removal from office, and the primary object being, not punishment, but the protection of the public against inefficient and worthless officers.

The former is, in our opinion, the true construction. Haskins was charged with voluntarily suffering a prisoner in his custody to escape. This is a criminal charge. The information confessedly counts upon a violation of *Section 1777 of Mansfield's Digest.* A prosecution could not be set on foot in the circuit court against Haskins for this offense without the previous sanction of a grand jury. It would be an infraction of the bill of rights.

There is nothing contrary to this view in *State v. Whitlock, 41 Ark., 403; T. & St. L. R. R., v. State, Ib., 488;* and *State v. Sib Jackson, 46 Id., 137.* In the first-named case the head-note of the reporter is too broad. All that was really decided, bearing on this question, was that county and township officers might be removed for incompetency upon information.

It follows that the court below had no jurisdiction. Its judgment is reversed and the cause remanded with directions to dismiss the information.