AUBREY *v.* STATE.

Opinion delivered May 2, 1896.

HOMICIDE—SUFFICIENCY OF INDICTMENT.—An indictment for murder in the first degree which charges that defendant "did unlawfully and feloniously, with malice aforethought, and with premeditation and deliberation, assault, kill and murder," etc., is sufficient, though the word "wilfully" is omitted.

Appeal from Lafayette Circuit Court.

CHARLES W. SMITH, Judge.

*J. W. Warren*, for appellant.

1. The omission of the word "*wilful*," and the failure to state the degree, render the indictment defective and insufficient to charge murder in the first degree. 2 Bish. Cr. Pro., sec. 576; *ib.* secs. 571, 587; 29 Ark. 265; 34 N. H. 510; 97 N. C. 465; 60 Ark. 564; 27 Iowa, 402; 4 Green (Iowa), 415, 500; 27 Iowa, 415; 21 Kas. 43; 64 Iowa, 333; 1 Bish. Cr. Pro., sec. 40, 43, 548, 503, 613; 618.

2. The verdict is not sustained by the evidence.

*E. B. Kinsworthy*, Attorney General, for appellee.

The word "*wilful*" is necessarily included in the words "*with malice aforethought.*" 11 S. E. 990; 1 Bish. Cr. Proc., sec. 613; 66 Maine, 324, 328; 17 S. W. 414; 14 Am. & Eng. Enc. Law, pp. 5 and 8. "*Deliberately*" means wilfully. 68 Cal. 434, and cases *supra*. It is not necessary to use the exact words of the statute. Other words conveying the same meaning may be used. Sand. & H. Dig., sec. 2088, 2090, 2076. The indictment is good.

WOOD, J. The defendant was convicted of murder in the first degree, upon an indictment which charged that he "did unlawfully and feloniously, with malice aforethought, and with premeditation and deliberation, assault, kill, and murder one Rufus Harris by shooting him with a pistol, * * * with the felonious intent to kill and murder," etc. Does the omission of the word "wilfully" render the indictment defective as a charge for murder in the first degree? A *wilful* killing is an *intended* killing. Both the words "deliberation" and "premeditation" involve a prior purpose to do the act in question. And it is impossible to conceive of a murder committed with a "felonious intent" that is not wilful. *State* v. *Townsend*, 24 N. W. Rep. 535; *Leonard* v. *Territory*, 7 Pac. Rep. 872, and authorities

cited; *State* v. *Shelton*, 64 Iowa, 333; *State* v. *Stack-house*, 24 Kas. 445; 1 Wharton, Cr. Law, sec. 380. We conclude therefore that the word "wilful" finds its equivalent in the other terms employed.

We cannot say that the verdict is without evidence to support it.

Affirmed.