# Special Term in August, 1897.

## CHARLESTON.

McDonald *v.* Guthrie, Judge, *et al.*

Submitted August 4, 1897—Decided August 4, 1897.

1. Constitutional Law—*Commissioners of County Court—Removal of County Officers.*
   Chapter 48, Acts 1897, allowing proceedings for removal of commissioners of the county court by proceedings in the circuit court, is constitutional.   (p. 595.)

2. Prohibition—*Jurisdiction of Lower Court.*
   Does prohibition lie merely because the jurisdiction of the lower court depends on the question whether a statute giving it jurisdiction is constitutional? *Per* Brannon, Judge, it does not lie.   (p. 598.)

Petition by J. S. McDonald against F. A. Guthrie, judge, and others, for a writ of prohibition.

*Denied.*

Chilton, McCorkle & Chilton and S. C. Burdette, for petitioner.

Flournoy, Price & Smith, Mollohan & McClintic, and Brown, Jackson & Knight, for respondents.

Brannon, Judge:

McDonald being a commissioner of the County Court of Kanawha County, a proceeding was instituted in the circuit court of that county by a number of its citizens to remove him from office, and he asked of this Court a writ of prohibition to restrain that court from going on with the case. The theory on which his case is here put is that chapter 48, Acts 1897, allowing a proceeding in the circuit court for his removal, is no law, because repugnant to section 4, Art. IX, of the State Constitution, which is as follows:  "The president of the county courts, the justices of the peace, sheriffs, prosecuting attorneys, clerks of the

circuit and county courts, and all other county officers, shall be subject to indictment for malfeasance, misfeasance, or neglect of official duty, and upon conviction thereof their offices shall become vacant." McDonald's counsel would maintain that he must first be indicted for the wrongs imputed to him, and for which his removal is sought by mere petition in the circuit court, and not until conviction can he be removed. If this is so, what office does section 6, Art. IV, of the Constitution perform? It provides that "all officers elected or appointed under this constitution may, unless in cases herein otherwise provided for, be removed from office for official misconduct, incompetence, neglect of duty, or gross immorality, in such manner as may be prescribed by general laws." It is very broad,—"all officers elected or appointed under this constitution." But counsel say there is a limitation of its scope in the words, "unless in cases herein otherwise provided for," and they further say that section 4, Art. IX, does otherwise provide as to county officers in saying they are subject to indictment, and, if convicted, their offices shall be vacant. If this is so, then section 6, Art. IV, has no application to any county officer at all, because section 4, Art. IX, covers all county officers, and plainly makes mere conviction *ipso facto* operate a removal, without any other proceeding, and hence there is no call as to them for the proceeding for removal under the legislation authorized by section 6, Art. IV. It would have no reference to any county officer, though its broad language applies it to "all officers elected or appointed under this constitution," I have no doubt that if, upon indictments for the offenses specified in section 4, Art. IX, the party be convicted, the judgment would itself work his removal from office, without any other process to reinvestigate the facts; for, those facts having been once proven before a jury beyond reasonble doubt,—the highest test which the accused could demand,—why reinvestigate in another proceeding? If the party happens to be so convicted, that alone devests him of office as an unfit incumbent. He may refuse to yield, and proceedings for actual amotion become necessary; but that would be a proceeding by *mandamus* or *quo waranto*, wherein the record of conviction would be the only evidence required to dispossess him of actual pos-

session, and it would not be a proceeding to investigate the original charge. The words "become vacant" show this. But indictment for the offenses specified is not the only mode of removal. There may be no indictment, and yet the party may be guilty of those offenses; and there ought to be some process accessible to the county court or citizen having for its direct object such removal, and section 6, Art. IV., says that it shall be as provided by general law, and such is the act of 1897. If the construction that, before removal, a county officer must be indicted and convicted, be correct, what would be done with one guilty of gross immorality? Section 4, Art. IX, contemplates indictment only for malfeasance, misfeasance, or neglect of official duty, and gross immorality would not be included in those terms, and there could be no removal for it, though section 6, Art. IV, says it is a ground of removal. Under the construction contended for there would be no use for section 6, Art. IV, except as to constables and road surveyors. Then, what do the words "unless in cases herein otherwise provided for," in section 6, Art. IV, mean? I answer they do not at all refer to section 4, Art. IX, except as to persons convicted, but to other provisions of the Constitution, providing other and specific processes of removal. For instance, the provision in section 17, Art. VIII, that judges may be removed when, from age, disease, mental or bodily infirmity, or intemperance, incapable of discharging their duties, is an exception. Section 9, Art. 4, is an exception, as it provides for impeachment and removal of state officers by impeachment by the house of delegates and trial by the senate. This is the only mode for their removal. This would include all judges, as they are state officers, though they may be removed for causes not mentioned in section 9, Art. IV, but mentioned in section 17, Art. VIII, by the legislature. These are special provisions as to the cause and process of removal of particular officers, rendering prudent the said exception to the wide language of section 6, Art. IV. So the case of conviction of malfeasance, misfeasance, or neglect of duty under section 6, Art. IX, would be an exception, because it itself declares the removal, dispensing with any steps to remove under legislation contemplated by section 6, Art. IV. It was not designed to declare as

an exception that all officers must be indicted and convicted to effect their removal. It would be a strange thing that the Constitution would give the legislature power to provide a process or mode of removal for all officers under it for certain causes, and turn right around, and itself provide that process by indictment, rendering the power given the legislature nugatory. It would render section 6, Art. IV, practically useless. We must read both sections together, and give each an office, and not let one devour the other. Section 6, Art. IV, means that, except in instances otherwise provided for, all officers, no matter as to grade or character, may be removed, for causes it mentions, in such mode as the legislature shall provide by general law. Section 4, Art. IX, has for its object to declare that all county officers shall be indictable for malfeasance, misfeasance, or neglect of official duty, and enjoins upon the legislature to so provide, and fix the punishment. That is its main purpose, as the subject of removal is elsewhere provided for. But it adds itself, in case of conviction, the additional penalty of loss of office as a legal consequence of judgment of guilty on the indictment. Section 9, Art. IV, carefully provides for an indictment of state officers. Each section answers a separate purpose. The intent that county officers shall be removed as the legislature may provide is still further manifested by sections 26, 27, Art. VIII, saying that clerks of county courts and justices shall be removed as shall be prescribed by law, in harmony with section 6, Art. IV. It cannot be claimed, in view of this special provision as to them, that they must be indicted. Why not they as well as other officers?

The case raises the question whether prohibition lies. I think it does not. Writ of error would lie to final judgment. It makes no difference that the jurisdiction of the circuit court rests on whether the act is constitutional, for that court has to pass on the constitutionality of the act, because it involves its own jurisdiction, just as it has to pass on any other law question in the case. *County Court v. Boreman*, 34 W. Va. 362 (12 S. E. 490). I speak on this point for myself only, other members of the Court thinking it unnecessary to decide the question. The Court, regarding said act of 1897 as constitutional, re-

fuses the writ of prohibition. Section 8, Art. IV, has another office. The Constitution elsewhere provides for removal of all officers named by it; but this provides as to officers not named by it, but created by law, giving the legislature power to regulate their removal; thus covering, all the sections taken together, the whole subject of removal.

*Denied.*