WINFREY *v.* STATE.

Opinion delivered March 11, 1918.

1. LIQUOR—TRANSPORTING SAME INTO THE STATE.—An indictment charged that defendants "unlawfully did transport into and deliver in this State certain alcoholic * * * liquors * * *." *Held*, the indictment properly charged an offense against the provisions of section 1 of the act of 1917, page 41, which is directed against the shipment, transportation or delivery of intoxicating liquors from another State or Territory or foreign country to another person, firm or corporation in this State.

2. LIQUOR—TRANSPORTING INTO THE STATE.—Section 1, of the act of 1917, page 41, does not prohibit a person from transporting liquor

into this State for his or her own personal use, whether that use be lawful or unlawful.

3. LIQUOR—DELIVERY TO ANOTHER—EVIDENCE.—The evidence held insufficient to show a violation of section 1, act of 1917, page 41.

4. LIQUOR—DELIVERY TO ANOTHER—NECESSARY ALLEGATIONS IN INDICTMENT.—Under section 1, act of 1917, page 41, it is not necessary to name the particular person or persons to whom the transportation or delivery of the liquor has been made, but it is necessary to allege that it was done for some other person, firm or corporation, and when the allegation is that two or more persons joined in the offense of transporting and delivering liquor to some other person, it is a variance from that allegation to attempt to show a delivery by one of these parties to the other.

5. OFFICERS—REMOVAL—TRANSPORTATION OF LIQUOR.—An order removing a town constable and his deputy from office, they being charged with transporting and delivering liquor in violation of section 1, act of 1917, page 41, is void.

Appeal from Crawford Circuit Court; *Jas. Cochran,* Judge; reversed.

*J. D. Benson, Chas. I. Evans* and *J. H. Evans,* for appellants.

1. The indictment charged no offense under the Bone Dry Act. 145 N. W. 451; 157 *Id.* 908; 48 L. R. A. (N. S.) 342; 154 Pac. 1050; 170 S. W. 749; 238 U. S. 190; 223 *Id.* 70; 197 *Id.* 13; 219 *Fed.* 794; 242 U. S. 311; 222 *Id.* 370.

2. The court erred in its instructions. 50 Ark. 545. Also in the admission of testimony. 199 S. W. 21; 1 Wharton Cr. Ev. 3262-6; 2 *Id.,* § § 690-1-2. The declarations of defendants were admissible as *res gestae. Ib.;* 85 Ark. 479; 12 *Id.* 782.

3. Inadmissible and incompetent testimony was admitted. There was no legal testimony to sustain the verdict.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. The offense charged was sufficient to warrant the orders of suspension and removal. Const. art. 7, § 27; 128 Ark. 183; 103 *Id.* 48.

2. The demurrer was properly overruled. 242 U. S. 311.

3. There was no error in the instructions. The Bone Dry Law was violated. 228 U. S. 525.

4. There was no error in admitting or excluding evidence. 127 Ark. 289; 48 *Id.* 34; 72 *Id.* 419; 43 *Id.* 68; 52 *Id.* 269; 37 *Id.* 373; 103 *Id.* 70; 129 Ark. 106; 127 Ark. 289; 84 *Id.* 487; 103 *Id.* 70.

5. The evidence was sufficient to support the verdict.

McCULLOCH, C. J. Appellants Winfrey and Bryan, together with one Oliver, were jointly indicted for the offense of transporting and delivering liquor from another State into this State. All of the three accused persons were tried together before a jury and Oliver was acquitted. Winfrey and Bryan were each convicted and have prosecuted appeals to this court.

(1) A demurrer was filed to the indictment on the ground that it failed to state facts sufficient to constitute an offense, and the first ground urged here for reversal of the judgment is that the court erred in overruling the demurrer. The indictment alleges that the three persons accused, naming them, "unlawfully did transport into and deliver in this State certain alcoholic, vinous, malt, spirituous and fermented liquors and compounds and preparations thereof commonly called tonics, bitters and medicated liquors from another State, against the peace and dignity," etc.

Section 1 of the Act of January 24th, 1917 (Acts of 1917, p. 41), under which the indictment was preferred, was construed in the recent case of *Rivard* v. *State*, 133 Ark. 1, and it is unnecessary to enter into any further discussion at length as to what the statute means. We held that it was merely directed against the shipment, transportation or delivery of intoxicating liquors from another State or territory or foreign country to another person, firm or corporation in this State, and that it does not prohibit a person from transporting liquor into the State for his or her own personal use, whether that use be lawful or unlawful. The words in the statute "from any other State, territory," etc., "to any person, firm or corporation

within this State" relate back to each of the words "ship, transport and deliver" which precede them and qualify each of those words so that the act is construed to mean that in order to constitute an offense the shipment or transportation or delivery in this State must be from some other State or territory, etc., to some other person, firm or corporation within this State. A mere delivery of liquor in this State by one person to another, entirely disconnected from the act of transporting it into the State, does not constitute an offense under this statute. Other statutes make it unlawful to sell or give away liquors. It will be observed that the indictment uses the words "transport into and deliver" conjunctively, and thus charges both a transportation and delivery. It is necessary under an indictment for violating the terms of the statute to charge that the transportation or delivery was from without the State to a person, firm or corporation in the State, but we think that the language of the indictment when construed in its ordinary acceptation is sufficient to charge that the transportation and delivery was to some other person, firm or corporation. The word "deliver" when used conjunctively with the word "transport" necessarily carries with it the implication of a transfer of possession to some other person or separate entity. The word "deliver" is defined by lexicographers to mean "to yield possession of" or "to hand over" or "to surrender." The Supreme Court of Tennessee in the case of *Bird* v. *State*, 131 Tenn. 518, which we referred to with approval in the Rivard case, *supra,* held that the words "to ship" and the words "to deliver" necessarily implied a shipment or delivery to some one other than the carrier. Whatever doubt may exist as to the correctness of that interpretation of the use of the words "to ship," we think that the use of the word "deliver" in connection with the word "transport" necessarily implies the meaning of a transfer of possession to another, and that this language in the indictment is sufficient to charge the transportation and delivery of liquor by the accused persons to some other person, firm or corporation. It is not

necessary in an indictment for this offense to specify the names of persons to whom the liquor has been transported or delivered. *Johnson* v. *State,* 40 Ark. 453. Nor is it necesssary under an indictment for this offense to negative the use of the liquor for the purposes which constitute an exemption under the statute, that is to say, for sacramental or medicinal purposes. Section 16 of the statute provides that ''it shall not be necessary to negative the exceptions herein contained, or that the liquors, bitters and drinks were ordered shipped, transported, or delivered for any of the purposes set out in the succeeding section hereof, but such exceptions may be relied upon as defense and the burden of establishing the same shall be upon the person claiming the benefits thereof.''

The indictment was, therefore, sufficient to charge an offense against the provisions of Section 1 of the statute referred to.

(2)    However, we are of the opinion that the judgment against each of the appellants must be reversed for the reason that the case was submitted to the jury upon an entirely erroneous interpretation of the law by the court, and also for the further reason that the proof was not sufficient under the allegations of the indictment to establish the offense charged. The court instructed the jury that if the accused obtained alcoholic liquors in another State ''and from that point brought the said liquors into Crawford county, this State'' they were guilty under the statute, and refused to instruct the jury, at the request of appellants, that the bringing of liquor into this State for the personal use of the individual who brings it in does not constitute an offense. The rulings of the court on those instructions were in conflict with the law as declared by this court in the Rivard case, *supra,* and the judgments of conviction must for that reason be reversed.

(3)    It is insisted by the Attorney General in the argument here that notwithstanding the erroneous interpretation of the law by the trial court, the guilt of the two appellants is established by undisputed evidence in that the proof shows, without contradiction, that there was a

delivery of liquor by appellants to another person in the State, and that the jury found upon legally sufficient evidence, and upon instructions free from error affecting that matter, that appellants transported liquors into the State. We cannot agree with the contention of the Attorney General, either that the testimony as to delivery to another person was uncontradicted, or that the evidence was sufficient under the particular charge in the indictment to show a delivery to another person. The date of the commission of the offense was alleged in the indictment to be on November 9th, 1917, and the proof of the State was directed to an offense committed on that date. There was also proof tending to show that the two appellants brought liquor into the State on another date, but it added nothing to the strength of the proof directed to the offense alleged to have been committed on November 9th, except in corroboration, so it is only necessary to call attention to the state of the proof with respect to the conduct of the appellants on the date mentioned in the indictment.

Appellants and Oliver lived in the city of Van Buren. Winfrey was constable of the township and Bryan was his deputy. Bryan was also a grocery merchant in the city, but held a commission from Winfrey as deputy constable. Oliver was a member of the police force in the city of Van Buren. The evidence adduced by the State shows that Winfrey went to Monett, Missouri, and returned to Van Buren on a passenger train on November 9th, with two suit-cases containing a considerable quantity of whiskey in bottles and that he brought the suit-cases along as personal baggage without checking them. When the train came to a stop at the Van Buren station Winfrey descended from the coach with the suit-cases in his hands and handed over one of the suit-cases to Oliver who was standing on the platform, and the two of them started up the street, each carrying a suit-case which was afterwards found to contain whiskey. A deputy sheriff who was standing on the platform observed the conduct of the two men and followed them a short distance along the

street. He caught up with them after they had gone about a half block and accosted Winfrey by asking him about the contents of the suit-cases and Winfrey replied that he had, as an officer, seized the suit-cases containing whiskey which had been carried on the train by two passengers, who had jumped off of the train a short distance before it reached Van Buren. Bryan came up during the conversation over the matter, and after some controversy the deputy prosecuting attorney was sent for, and the liquor was taken into the custody of the deputy sheriff. The testimony of Winfrey was to the effect that he went to Monett on personal business and did not procure the liquor in question, or any other liquor, or bring the same into the State, but that after the train on which he traveled came into Arkansas he felt it his duty to take observation as to persons bringing liquor into the State on the train, and that when the train approached Van Buren he had taken notice of two men with the suit-cases in question, that when he found that those two persons had gotten off the train he seized the suit-cases as an officer and took them off the train with him when he reached Van Buren, and that he handed one of the suit-cases to Oliver merely to obtain help in carrying the liquor to some place for it to be kept in the custody of the law. Oliver fully corroborated Winfrey in the latter's statement with reference to handling the liquor after he debarked from the train at Van Buren with the suit-cases in his hands. He testified that he went to the station that day and bought a ticket to Fort Smith intending to make the trip over the train to look for baggage containing intoxicating liquors, but that Winfrey stepped off the train with the suit-cases in his hands and told witness that it was unnecessary to make the trip, for the reason that he had just made seizure of liquor on the train and that Winfrey asked him to assist in taking charge of the liquor as an officer.

The State brought out certain circumstances calculated to weaken the testimony of Oliver, but the jury might, under proper instructions, have accepted the testimony of Oliver concerning the intention of Winfrey in

handing over the liquor to Oliver and the intention of the latter in accepting it. It cannot be said that the testimony is undisputed on this issue, or that the jury, notwithstanding the erroneous instructions of the court, necessarily found that there was a delivery of the liquor into the State to another person within the meaning of the statute.

But we are also of the opinion that even if there had been enough proof to show that the liquor was transported by Winfrey into the State for delivery to Oliver, and was delivered to him for that purpose, such proof was a variance from the allegations of the indictment, the language of which must necessarily be interpreted to charge a delivery to some person other than the three persons named in the indictment.

(4) The reasons we give for holding that the indictment is sufficient, is that the language necessarily amounts to a charge that the three persons named transported and delivered the liquor to some person other than themselves. It would, therefore, be highly inconsistent to say that the language included the charge of one of the persons named making the transportation and delivery to another one of those named. It is unnecessary, as before stated, to name the particular person or persons to whom the transportation or delivery has been made, but it is necessary to allege that it was done for some other person, firm or corporation, and when the allegation is that two or more persons join in committing the offense of transporting and delivering to some other person, it is a variance from that allegation to attempt to show a delivery by one of those persons to another. Material allegations in an indictment must be proved according to the allegations. *Bryant* v. *State,* 62 Ark. 459; *Woods* v. *State,* 114 Ark. 391; *Payne* v. *State,* 124 Ark. 20.

(5) The trial court suspended appellants from their respective offices of constable and deputy constable when the indictment was returned and removed them from office as a part of the final judgment in the cause. Of course, the judgment of reversal disposes of the final order of re-

moval, but the preliminary order of suspension, if valid, remains in force.

We do not think, however, that the statute authorizes the suspension from office upon this kind of a charge, which does not relate to official misconduct. The statute provides that there shall be an order of suspension on indictment of a county or township officer for "incompetency, corruption, gross immorality, criminal conduct amounting to felony, malfeasance, misfeasance or nonfeasance in office." There is no charge of official misconduct made in this indictment, nor a charge of "criminal conduct amounting to a felony."

The language of the Constitution is broader than the statute and provides that circuit courts "shall have jurisdiction upon information, presentment or indictment, to remove any county or township officer from office for incompetency, corruption, gross immorality, criminal conduct, malfeasance or nonfeasance in office." Art. VII, Sec. 27. Under this provision of the Constitution there may be removals on information filed for grounds not embraced in a charge of official misconduct, but in the present case there was no information filed against appellants to remove them from office. *State* v. *Whitlock,* 41 Ark. 403. The court made the order of suspension on the return of the indictment. This was unauthorized by statute, and the order is void and should be quashed.

The judgment against each of the appellants is, therefore, reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

HUMPHREYS, J., dissents.