## BURTON *v.* STATE.

### Opinion delivered October 14, 1918.

1. INTOXICATING LIQUORS—TRANSPORTATION INTO STATE.—One who delivers a trunk filled with whiskey to a carrier in another State to be shipped as baggage to this State is not guilty of "shipping" or "transporting" liquor into this State, within act of January 24, 1917.

2. SAME—TRANSPORTATION INTO STATE.—One who delivers a trunk filled with whiskey to a carrier in another State to be shipped to a point within this State, is not liable under act of January 24, 1917, to prosecution in this State under act of January 24, 1917, for aiding the carrier in an unlawful shipment into the State, the act having no extraterritorial effect.

3. SAME—ACCEPTING SHIPMENT FROM CARRIER.—Where defendant delivered a shipment of whiskey to a carrier in another State to be transported to a point within this State, the shipment was seized by the sheriff at destination, and was subsequently claimed by defendant, he was not liable, under section 2 of the act of January 24, 1917, making it unlawful "to accept for corporations, companies or any persons mentioned in section one of this act any delivery of the liquor mentioned in section one or any of them, when transported into or delivered in this State."

Appeal from White Circuit Court; *J. M. Jackson,* Judge; reversed and dismissed.

*Brundidge & Neelly,* for appellant.

1. The demurrer to the affidavit should have been sustained. It does not allege that the defendant was a common carrier, or that he secured one to bring the liquor into the State, nor does it allege that it was not for his personal use, nor that it was delivered in this State. 60 Ark. L. Rep. 363; 130 Ark. 159.

2. The court erred in its instructions. Cases *supra.*

3. The testimony is insufficient to prove the allegations in the affidavit. 114 Ark. 391; 124 *Id.* 20.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. There was no error in overruling the demurrer. The information stated a public offense and put defendant on notice. 94 Ark. 207; 86 *Id.* 436; 126 *Id.* 501; 45 *Id.* 536.

2. The evidence is ample. Appellant was a party aiding, assisting and abetting a common carrier in violating the law. 10 Ark. 378; 18 *Id.* 198; 49 *Id.* 60; 47 *Id.* 188; 45 *Id.* 361.

3. There is no error in the instructions. 60 Ark. L. Rep. 1, 361.

McCULLOCH, C. J. Appellant was convicted in the circuit court of White County of violating the Act of January 24, 1917, prohibiting the shipment of intoxicating liquors into the State. Acts 1917, p. 41.

There was a conflict in the testimony in the trial below, but the testimony was sufficient to warrant a finding that appellant, who resided at Bald Knob, Arkansas, went to Poplar Bluff, Missouri, and there filled a trunk with whiskey in bottles, and on his return trip to Arkansas purchased a ticket from the Missouri Pacific Railway Company from Poplar Bluff, to Kensett, Arkansas, and caused the carrier to check the trunk thus filled with whiskey through to Kensett on that ticket. Appellant did not receive the trunk from the carrier at Kensett, nor apply for its delivery to him, but the sheriff of White

County ascertained that the trunk was in the hands of the carrier at Kensett and seized it. The sheriff put the trunk filled with whiskey into an automobile and started to Searcy, the county site, and on the trip over to Searcy appellant either claimed the whiskey or proposed a division of it, which proposition was declined by the officer. Appellant subsequently claimed the trunk after the whiskey had been taken out of it by the officer.

The question presented to us is whether these facts make an offense under the first section of the statute referred to above. We have heretofore decided in *Rivard* v. *State,* 133 Ark. 1, and *Winfrey* v. *State,* 133 Ark. 357, that the first section of the statute in question was directed solely against the transportation into the State of intoxicating liquor for another person, firm or corporation. It is directed against the carrier of such liquor who carries it for or delivers it to another. Conceding, without deciding, that the act of the carrier in checking a trunk for a passenger as personal baggage constitutes a shipment of liquor within the meaning of the statute, the carrier only is liable, and not the consignor. The words "to ship" and "to transport" are synonymous as used in the statute, and apply to the carrier and not to the consignor.

The Attorney General contends in support of the judgment of conviction that the delivery of the liquor to the carrier in Missouri amounted to aiding in the unlawful shipment into the State, and that since the offense is a misdemeanor and all participants in such offenses are treated as principal offenders, appellant was properly convicted upon the testimony showing that he delivered the liquor to the carrier. The answer to that contention is that the statute can have no extra-territorial effect, and the only act done by appellant in connection with the shipment was to deliver the whiskey to the carrier, and that occurred in the State of Missouri. The transportation into this State was not a joint enterprise of the carrier and the consignor, but was the sole act of the carrier, and was done through its own agencies and in-

strumentalities. The consignor parted with the possession of the property when he delivered it to the carrier and gave it into the entire possession and control of the carrier. The transportation of the liquor into the State was the thing which constituted the offense, and the consignor had no part in the performance of that act in merely delivering the article to the carrier in another State. If the transportation of the trunk of whiskey be treated merely as the carriage of baggage by the traveler himself, and not as a shipment or transportation by the carrier, the latter would not be guilty of any unlawful act, nor would the traveler be guilty under the statute unless he brought the whiskey into the State for some other person. So, in no event can appellant be guilty under the evidence adduced.

The second section of the statute referred to makes it unlawful "to accept from corporations, companies, or any persons mentioned in section 1 of this act any delivery of the liquors mentioned in section 1, or any of them, when transported into or delivered in this State," but there is no contention or effort to prove that appellant received the liquor from the carrier or made application to the carrier for its delivery to him.

The testimony, when viewed in its light most favorable to the State's contention, wholly fails to make out a case against appellant of violating the statute in question, and since the facts have been fully developed, no useful purpose would be served in remanding the cause for a new trial. The judgment is, therefore, reversed and the cause dismissed.

WOOD and HUMPHREYS, JJ., dissent.