McCLAIN v. SORRELS.

Opinion delivered March 6, 1922.

1. PROHIBITION—WHEN REMEDY LIES.—Where the circuit court is without jurisdiction to remove a court officer upon information

filed by the prosecuting attorney, the appropriate remedy is prohibition against the court to restrain further proceedings.

2.    OFFICERS—JURISDICTION TO REMOVE.—Under Const. 1874, art. 7, § 27, providing that "the circuit court shall have jurisdiction upon information, presentment or indictment to remove any county or township officer from office for incompetency, corruption, gross immorality, criminal conduct, malfeasance, misfeasance or nonfeasance in office," *held* that a proceeding to remove a county officer for an indictable offense must be by indictment, and the offense set forth in the indictment must be one which necessarily includes the grounds for removal, since otherwise the removal could be accomplished without giving the accused the benefit of a trial upon the issue as to the grounds for removal.

3.    OFFICERS—REMOVAL—GROSS IMMORALITY.—An indictment and conviction of a county officer for the statutory offense of being drunk on a public highway does not, regardless of circumstances, involve moral turpitude so as to constitute "gross immorality," within the meaning of the Const. 1874, art. 7, § 27, and Crawford & Moses' Dig., § § 10335-6, authorizing the removal of county and township officers for "gross immorality."

4.    OFFICERS—REMOVAL—INFORMATION.—An information will lie against a county officer to remove him for gross immorality, but the accused is entitled to a hearing upon that charge.

Prohibition to Lincoln Circuit Court; *W. B. Sorrels,* Judge; writ awarded.

*W. F. Kirby* and *R. W. Wilson,* for petitioner.

Respondent *pro se.*

McCulloch, C. J.   The petitioner, John G. McClain, is the sheriff of Lincoln County, and has filed a petition here for a writ of prohibition to restrain the circuit court of that county from summarily entering a judgment removing him from office.

The petitioner was indicted by the grand jury of Lincoln County at the September, 1921, term of the circuit court for the statutory offense of being intoxicated on a public highway. He was tried and convicted at that term of court, and a judgment was rendered imposing a fine of $25 in accordance with the verdict of the jury. He appealed to this court, and the judgment of the circuit court was affirmed. *McClain* v. *State,* 151. Ark. 266.

Upon the convening of the circuit court of Lincoln County for the February term, 1922, the prosecuting attorney of the circuit filed a petition setting forth the indictment and conviction of petitioner, as above recited, and moved the court for an additional judgment in that proceeding removing the petitioner from the office of sheriff. Petitioner appeared and made objection to the court proceeding in the matter, and, upon his objections being overruled, he filed his petition here for prohibition.

If the court is without jurisdiction to enter an order of removal from office at this time in the criminal proceeding against petitioner, as sought by the prosecuting attorney, then the appropriate remedy is prohibition against the court to restrain further proceedings. *Speer v. Wood*, 128 Ark. 183.

Justification is sought for the attempted exercise of jurisdiction under the statute, which reads as follows:

"Whenever any presentment or indictment shall be filed in any circuit court of this State against any county or township officer for incompetency, corruption, gross immorality, criminal conduct amounting to a felony, malfeasance, misfeasance or nonfeasance in office, such circuit court shall immediately order that such officer be suspended from his office until such presentment or indictment shall be tried. Provided, such suspension shall not extend beyond the next term after the same shall be filed in such circuit court, unless the cause is continued on the application of the defendant. Act March 9, 1877, p. 64, § 1." Crawford & Moses' Digest, § 10335.

"Upon conviction of any such officer for any such offenses, a part of the sentence of the circuit court having jurisdiction shall be to remove such officer from office, and the clerk of the court, at the close of the term, shall transmit to the Governor a certified transcript of the presentment or indictment, with the judgment of the court thereon, and the vacancy shall be filled as may be prescribed by law at the time the same occurs." *Id.* § 10336.

The contention of petitioner is that the statute quoted above does not authorize removal from office as a part of the judgment of conviction of a criminal offense, unless the charge in the indictment necessarily includes the charge of the commission of one of the grounds for removal stated in the statute, and that the charge in the indictment against petioner, being merely a statutory one for being drunk on a public highway, does not involve any of the grounds of removal set forth in the statute.

It is also contended by counsel for petitioner that, even if the statute authorizes removal as a part of the judgment of conviction, such a judgment cannot be entered after the lapse of the term at which the judgment of conviction was entered.

We are of the opinion that the first contention of counsel is correct, and that the court has no power to render a judgment of removal from office upon the indictment against petitioner. There is a provision of the Constitution on this subject, which reads as follows:

"The circuit court shall have jurisdiction upon information, presentment or indictment to remove any county or township officer from office for incompetency, corruption, gross immorality, criminal conduct, malfeasance, misfeasance, or nonfeasance in office." Art. VII, § 27, Constitution of 1874.

This court, in the case of *Haskins* v. *State,* 47 Ark. 243, construed the above quoted provision of the Constitution to mean that "when an alleged cause of removal from office is a matter not cognizable by a grand jury, *e. g.,* incompetency, drunkenness, immorality, etc., then the State's attorney may proceed upon his own motion, by information filed under oath; but if it is for an indictable offense, the proceeding must be by indictment." It results from this interpretation of the Constitution that, in case the removal is to be accomplished under an indictment for an offense involving one of the grounds for removal stated in the Constitution, the of-

fense set forth in the indictment must be one which necessarily includes the grounds for removal, otherwise the removal would be accomplished without giving the accused the benefit of a trial upon the issue as to the existence of the grounds for removal.

In the Haskins case, *supra*, the charge against the sheriff was for permitting prisoners to go at large, which necessarily constituted official misconduct, and the court held that the charge must be brought by the grand jury, and not by information filed by the prosecuting attorney. The converse of that rule is equally true, and if the charge does not involve one of the grounds of removal stated, then the removal must be sought on information containing the accusation of facts that constitute grounds for removal.

In the present instance the petitioner was charged with the statutory offense of drunkenness on a public highway, and the inquiry under that indictment was confined to the single fact charged, which did not necessarily involve any of the grounds for removal stated in the Constitution. It did not relate to any official misconduct, nor did it necessarily include the charge of either "incompetency, corruption, gross immorality" mentioned in the statute. A single act of drunkenness on a public highway does not necessarily, regardless of circumstances, involve moral turpitude so as to constitute gross immorality within the meaning of the Constitution and statute. It would be a question of fact for court or jury under the given circumstances of a case.

In the case of *Winfrey* v. *State,* 133 Ark. 357, we held that an indictment against an officer for transporting liquor did not fall within the statute authorizing a summary judgment of removal. Of course, this does not preclude the institution of proceedings by information charging, as grounds for removal, gross immorality, but the accused is entitled to a hearing on that charge, so that there may be a determination of the question whether or

not his conduct amounted to gross immorality or incompetency within the meaning of the statute, but in the proceedings under the indictment the court had no jurisdiction under the charge to enter a summary judgment.

Having reached this conclusion, it is unnecessary to determine whether the court could, under an indictment authorizing removal, enter such an order after the lapse of the term at which the judgment of conviction was entered.

. The writ of prohibition is therefore awarded in accordance with the prayer of the petition.