BREWER *v.* STATE.

Crim. 3890.

Opinion delivered July 2, 1934.

*Edw. Gordon,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy* and *Robert F. Smith,* Assistants, for appellee.

MEHAFFY, J. The prosecuting attorney of the fifth district filed information against appellant, Edgar

Brewer, January 29, 1934, charging him with the offense of gross immorality. The case was tried on March 6, 1934, before the court sitting as a jury, and appellant was convicted of the offense of gross immorality and was removed from office. The following is a copy of the information filed:

"In the Conway County Circuit Court, Honorable A. B. Priddy, Circuit Judge.

"State of Arkansas, Plaintiff, v. Edgar Brewer, Defendant.

"Comes Audrey Strait, prosecuting attorney, within and for Conway County, Arkansas, and, upon his oath and information, charges Edgar Brewer with the offense of gross immorality, and for cause says:

"That Edgar Brewer is the duly elected, qualified and acting county assessor within and for Conway County, Arkansas, and maintains an office for the conduct of the affairs of his office in the courthouse situated in Morrilton, Conway County, Arkansas; that he served in said capacity during the year of 1933, and at the present time is conducting said office of tax assessor.

"That during the summer and fall of the year 1933, and particularly during the month of December, 1933, Edgar Brewer was guilty of gross immorality; that, taking advantage of the fact that he was a county official and used and occupied an office upon the first main floor of the county courthouse, he enticed, persuaded, encouraged and procured one Rosebud Jackson, a minor female child, to enter his office at various and sundry times for the purpose of immorality and of making a lewd and obscene exhibition of his person, and of making indecent and immoral assaults upon her, the said Rosebud Jackson.

"That defendant, although guilty of gross immorality, continues to use, occupy and retain the office of tax assessor and continues to use and occupy the office assigned to him as tax assessor of Conway County.

"That defendant, Edgar Brewer, is not a fit person, morally, to fill the said office of tax assessor, and that his presence in said office and his continuing to hold said

office is not conducive to morality, law enforcement and to the respect of the citizenship of Conway County, Arkansas, and that, upon a hearing of the charges preferred herein, the said Edgar Brewer, as tax assessor, should be removed from the office as tax assessor, and a vacancy declared by the proper order of this court.

"Wherefore, the State of Arkansas prays that, upon this information, the circuit court designate a day certain for the introduction of proof relative to the guilt of defendant, Edgar Brewer, as to gross immorality, and that an order of the Conway County Circuit Court issue herein ordering the removal of the said Edgar Brewer from office as tax assessor, or, in the alternative, suspending him from office as tax assessor until the charges heretofore preferred against him be disposed of at the March, 1934, term of Conway County Circuit Court.

"(Signed) Audrey Strait,

"Prosecuting Attorney within and for

"Conway County, Arkansas.

"Subscribed and sworn to before me this the 29th day of January, 1934.

"Cleo Cheek, Circuit Clerk."

Notice was served on appellant on January 29, 1934. The appellant filed motion to require plaintiff to make information more definite and certain.

Defendant also filed a demurrer, and, after argument of counsel on motion to make more definite and certain, the court held that certain parts of the information were too general and should be stricken out, and the prosecuting attorney then, on his own motion, struck out that portion of the information which stated that Brewer was under bond upon a charge of carnal abuse, awaiting the action of the grand jury, etc. Appellant filed a demurrer which was by the court overruled, and he then filed a motion for continuance, on account of the absence of certain witnesses. The prosecuting attorney admitted that, if the witnesses were present, they would testify as claimed by the appellant, and the motion to continue was overruled. The appellant then asked that he be given

a trial by jury, and this request was overruled. The appellant refused to waive a trial by jury, demanded a trial by jury, which was overruled, and the appellant at that time saved his exceptions. After hearing the evidence, the court entered an order removing Brewer from the office of tax assessor and declared said office vacant. Appellant filed a motion for new trial, which was overruled, and the case is here on appeal.

It would serve no useful purpose to set out the testimony at length. The appellant does not contend that the evidence is insufficient to justify a conviction if the procedure was proper. He first contends that the charge against him could not be tried except upon presentment or indictment. Section 27 of article 7 of the Constitution reads as follows: "The circuit court shall have jurisdiction upon information, presentment, or indictment to remove any county or township officer from office for incompetency, corruption, gross immorality, criminal conduct, malfeasance, misfeasance, or nonfeasance in office." This action by the circuit court was upon information, and the charge was gross immorality. The appellant cites and relies on *Haskins* v. *State,* 47 Ark. 243, 1 S. W. 242. The court in that case, in construing § 27 of art. 7 of the Constitution, said: "These provisions are, to some extent, in apparent conflict, and it is the office of construction to reconcile them, giving effect to each, so far as may be done, and carrying out the intentions of the constitutional convention which framed the whole instrument. Two interpretations are possible: 1. That when the alleged cause of removal is a matter not cognizable by a grand jury, *e. g.,* incompetency, drunkenness, immorality, etc., then the State's attorney may proceed upon his own motion, by information filed under oath. But, if it is for an indictable offense, the proceeding must be by indictment. 2. That when the object is to punish an offender by the infliction of the penalties which the law denounces against crime, the prosecution must originate in the grand jury room; but that an information for removal is not of this character, the consequence of a conviction extending only to a removal from office, and the primary object

being, not punishment, but the protection of the public against inefficient and worthless officers."

This court has said: "There are no statutes making 'incompetency,' 'corruption' and 'gross immorality,' as such, indictable offenses. Therefore the Legislature must have intended by the use of these terms that, when any one holding a public office was indicted for any 'criminal conduct amounting to a felony,' or for any offense which showed him to be corrupt or dishonest, or for any felony or misdemeanor which showed him to be 'grossly immoral,' and which, if proved, in the eyes of the law would render him incompetent to hold office, he should be suspended. In other words, the Legislature did not intend that an officer should perform the functions of his office while he was under presentment or indictment for any criminal conduct which, if proved, amounted to a felony, or that showed that the accused was grossly immoral or corrupt. This is the wise public policy which the Legislature manifestly intended to conserve." *Jones* v. *State,* 104 Ark. 261, 149 S. W. 56.

Appellant next calls attention to the case of *McClain* v. *Sorrels,* 152 Ark. 321, 238 S. W. 72. The court in that case said: "The case of *Haskins* v. *State, supra,* construed the provision of the Constitution to mean that, 'when an alleged cause of removal from office is a matter not cognizable by a grand jury, *e. g.,* incompetency, drunkenness, immorality, etc., then the State's attorney may proceed upon his own motion, by information filed under oath; but if it is for an indictable offense, the proceeding must be by indictment.' It results from this interpretation of the Constitution that, in case the removal is to be accomplished under an indictment for an offense involving one of the grounds for removal stated in the Constitution, the offense set forth in the indictment must be one which necessarily includes the grounds for removal, otherwise the removal would be accomplished without giving the accused the benefit of a trial upon the issue as to the existence of the grounds for removal. In the Haskins case, *supra,* the charge against the sheriff was for permitting prisoners to go at large, which neces-

sarily constituted official misconduct, and the court held that the charge must be brought by the grand jury, and not by information filed by the prosecuting attorney. The converse of that rule is equally true, and, if the charge does not involve one of the grounds of removal stated, then the removal must be sought on information containing the accusation of facts that constitute grounds for removal.''

It will be observed that the court expressly stated that, if the charge does not involve one of the grounds of removal stated, then the removal must be sought on information containing the accusation of facts that constitute grounds for removal. As we have already shown, this court has held that immorality is not an indictable offense, and therefore the removal for gross immorality must be sought on information and not on indictment. It is also true that one might be guilty of gross immorality and guilty of many crimes for which he might be indicted, but the mere fact that he was guilty of a crime in addition to the act of gross immorality would be no reason why he could not be removed upon information. If that provision in the Constitution authorizing the circuit court to remove on information does not mean that one can be removed on information for gross immorality, it does not mean anything, and we think there is no question but that the court had jurisdiction to remove the appellant on information.

It is next contended by appellant that he was entitled to a trial by jury. Appellant calls attention to a great many cases which we do not review because we think they have no application to the facts in this case. The right to trial by jury does not apply to proceedings to oust one from public office. ''There is some conflict in authority with respect to whether a proceeding for the removal of a public officer is of a civil or criminal nature. * * * Nevertheless, by the most approved opinion, it is regarded as an executive function, and an action for that purpose is a civil and not a criminal proceeding. It is also considered as remedial rather than penal in char-

acter, because the purpose is not to punish the officer, but to improve the public service.'' 22 R. C. L. 573.

"It is true that conviction of any of these officers under an indictment for malfeasance, misfeasance or neglect of official duty, by virtue of § 3, art. 9, Const., operates a removal from office; but that does not prevent their summary removal for these or other causes coming under the head of gross immorality, without indictment or criminal prosecution. *McDonald* v. *Guthrie,* 43 W. Va. 595, 27 S. E. 844, chapter 48, Acts 1897, provides that, 'upon satisfactory proof of the charges made in writing, the court having jurisdiction shall remove any such officer from the discharge of the duties of his office.' This provision wholly excludes the idea of a jury trial, and plainly imposes on the court, in the person of the judge thereof, the duty of investigating the matter, hearing the evidence, and, if satisfied of the truth of the charge, removing the incumbent.'' *Moore* v. *Strickling,* 46 W. Va. 515, 33 S. E. 274, 50 L. R. A. 279.

Section 3 of article 15 of the Constitution reads as follows: "The Governor, upon the joint address of two-thirds of the members elected to the houses of the General Assembly, for good cause, may remove the Auditor, Treasurer, Secretary of State, Attorney General, judges of the supreme and circuit courts, chancellors and prosecuting attorneys.'' It will, of course, not be contended that the Governor would have to call a jury, but he acts just as the circuit judge acted in this case. The reason that no jury is necessary is that the object is not the punishment of the officer, but the protection of the public against inefficient and worthless officers.

It therefore appears that the circuit court, without the intervention of a jury, had a right to try the case and to enter judgment removing appellant from office.

We find no prejudicial error, and the judgment is affirmed.