Decker *v.* State.

Crim. 3891

Opinion delivered October 15, 1934.

740

 

 
 █

*G. L. Grant*, for appellant.

*Hal L. Norwood*, Attorney General, and *Pat Mehaffy*, Assistant, for appellee.

McHANEY, J. Appellant, who is serving a life sentence in the penitentiary, was indicted, convicted and sentenced to ten years imprisonment for permitting a convict to escape, the charging part of the indictment being as follows: "The said defendant, Earl Decker, in the county, district and State aforesaid, on the 5th day of February, 1934, then and there having in custody one B. R. Ballard a convict who had been lawfully convicted for a felony and who had been lawfully sentenced to confinement in the penitentiary, did unlawfully, feloniously, wilfully and corruptly suffer, connive at and permit the escape of the said B. R. Ballard, against the peace and dignity of the State of Arkansas."

The undisputed facts are that appellant, a trusty convict, was sent by the penitentiary authorities to Fort Smith to bring to the penitentiary four convicted felons in a truck. After arriving in Fort Smith, he visited with some women whose husbands were in the penitentiary and proceeded to become more or less intoxicated. He finally went to the jail, received the prisoners, locked them in the truck, and left with them. He then returned to the place where he had been drinking, secured more liquor, took the prisoners and his lady friend riding with him into the drinking establishment where they all became further intoxicated. After a time they finally left with the prisoners properly locked up in the truck and started for Little Rock. After driving some distance, he decided to return for more refreshments, and on this

trip Ballard escaped by crawling through a torn place in the curtain inclosing the truck where the prisoners were kept. At the conclusion of the testimony a directed verdict of not guilty was requested and refused.

Appellant was convicted under the following statute, § 2584, Crawford & Moses' Digest: "Any person who shall wilfully or corruptly suffer, connive at, or permit the escape of any convict sentenced to confinement in the penitentiary shall be deemed guilty of a felony, and on conviction thereof shall be punished by confinement in the penitentiary for not less than five nor more than ten years." Several errors are assigned and argued for a reversal of the judgment and sentence, but we find it necessary to discuss only one of them, that is, that the court should have directed a verdict for appellant.

Under the above statute, the appellant must have "wilfully or corruptly" suffered, connived at, or permitted Ballard to escape in order to be guilty of the offense. It is conceded by the State that it was not "wilfully" done, but it is insisted that it was "corruptly" done. This is a criminal statute, highly penal, and must be strictly construed. In *Atkinson* v. *State,* 133 Ark. 341, 202 S. W. 709, construing an indictment for perjury, this court said: "It is also insisted that the indictment is defective because it does not allege that the testimony was knowingly false. The indictment alleges that it was 'wilfully and corruptly' false. This includes 'knowingly,' for the testimony could not have been 'wilfully and corruptly' false without being 'knowingly' false." In *Tallman* v. *State,* 151 Ark. 108, 235 S. W. 389, 236 S. W. 281, the appellant had been convicted on a charge of malicious mischief for the killing of a dog, under the statute providing that: "If any person shall wilfully, maliciously, or wantonly * * * kill * * * any animal," etc., Reversing the judgment on an instruction that provided that, if the killing was unlawful and done with a deadly weapon, the law presumes it was done maliciously, this court said: "A negligent or careless killing of an animal would be unlawful, and, though done with a deadly weapon, no inference or presumption in law could be in-

dulged that the careless or negligent killing was wilful, malicious or wanton."

In *Jones* v. *State,* 104 Ark. 261, 149 S. W. 56, Ann. Cas. 1914B, 302, this court held, under the statute providing for removal of an officer from office, that the word "corruption," as used in the statute, was intended to be used in its more comprehensive sense and not merely as relating to official delinquencies; but in *Winfrey* v. *State,* 133 Ark. 357, 202 S. W. 23, it was held that an indictment against an officer for transporting liquor did not authorize a summary judgment of removal, because the act charged could not be said of itself to amount to "gross immorality" or "corruption." See also *McClain* v. *Sorrels,* 152 Ark. 321, 238 S. W. 72, where it was held that a single act of drunkenness did not necessarily involve moral turpitude, so as to constitute "gross immorality" within the meaning of the Constitution and statute authorizing the removal of county and township officers for "gross immorality."

One of the definitions in Bouvier's Law Dictionary of the word "corruption," of which the word "corruptly" is the adverb, includes bribery. The word "corruptly" implies knowledge, for a thing could not be done corruptly and ignorantly at the same time. The word "wilfully" means intentionally or by design. *Aubrey* v. *State,* 62 Ark. 368, 35 S. W. 792; *Tallman* v. *State, supra.* It therefore appears to us that an act may be done wilfully without being corruptly done, but that an act cannot be done corruptly without being wilful. We are also of the opinion that the word "corruptly," as used in the statute, means by some consideration or promise moving to the person charged. If this be the meaning of these words as used in said statute, then it is perfectly clear that appellant is not guilty. The only misconduct proved against appellant was drunkenness on that occasion. If a single act of intoxication was not sufficient to involve moral turpitude, amounting to "gross immorality," authorizing removal from office, as held in *McClain* v. *Sorrels, supra,* then it is difficult to perceive why a single act of drunkenness on this occasion should involve

moral turpitude, amounting to corruption, authorizing a sentence to the penitentiary for five to ten years.

Appellant's conduct was highly improper and perhaps grossly negligent. But it isn't shown that this caused the escape of the prisoner or contributed to it. The undisputed proof shows that the prisoners were locked in the truck by appellant, and that he threatened them with his pistol, warning them against any attempt at escape. The fact that one had escaped was discovered a few minutes thereafter, and he immediately began a search. He returned the other prisoners to jail and gave the alarm, and a search was instituted. The prisoner was recaptured a few days later and taken to the penitentiary.

We are therefore of the opinion that the evidence fails to establish the charge within the meaning of the statute. The judgment will be reversed, and the cause remanded for a new trial.

SMITH, J., dissents.